FILED
LODGED
RECEIVED    MAIL

JUL 20 2009

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

# C09   1029 TSZ-BAT

**ANTHONY EUGENE LEWIS**
   **AND**
**LONNIE LEE McCLURE**
   (Name of Plaintiff)

   **VS**

SPECIAL PLEADINGS
CIVIL RIGHTS COMPLAINT BY
A PRISONER UNDER 42 U.S.C.
§ 1981, 1982, 1983, 1985(2)(3)
1986, 1987 AND 1988

GREG NICKELS, A MAYOR OF THE CITY OF SEATTLE
SANDRA K., A BOARD MEMBER OF THE OFFICE OF PROFESSIONAL ACCOUNTABILITY
CITY OF SEATTLE, A MUNICIPAL CORPORATION
NICK LICATA, PRESIDENT OF SEATTLE CITY COUNCIL
SEATTLE POLICE DEPARTMENT OFFICE OF PROFESSIONAL ACCOUNTABILITY
SAM PAILCA, DIRECTOR OF OFFICE OF PROFESSIONAL ACCOUNTABILITY
GIL KERLIKOWSKE, A SEATTLE POLICE CHIEF
NEIL LOW, A SEATTLE POLICE CAPTAIN
STEVEN BROWN, A SEATTLE POLICE CAPTAIN
WILLIAM EDWARDS, A SEATTLE POLICE SERGEANT
MARK HAZARD, A SEATTLE POLICE SERGEANT
SHELDON SATHER, A SEATTLE POLICE DETECTIVE
KERRY ZIEGER, A SEATTLE POLICE OFFICER
JAMES LEE, A SEATTLE POLICE OFFICER
MICHEAL TIETJEN, A SEATTLE POLICE OFFICER
MICHEAL KEBBA, A SEATTLE POLICE LIEUTENANT
THOMAS M. MOONEY, A SEATTLE POLICE OFFICER
ANDREW B. ZWASCHKA, A SEATTLE POLICE OFFICER
DEE QUIGGLE, A CLAIMS MANAGER FOR THE CITY OF SEATTLE

## I. Previous Lawsuit:

A. Have you brought any other lawsuits in any federal court in the United States while a prisoner?
   ☒ Yes        ☐ NO

B. If your answer to A is yes, how many?: **3** Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

   1. Parties to this previous lawsuit:

      Plaintiff: Anthony Eugene Lewis

      Defendants: City of Seattle, et al.

   2. Court (give names of District) Western District Court At Seattle

   3. Docket Number: C07-1517

4. Name of judge to whom case was assigned: Marsha J. Pechman / Brian A. Tsuchida

5. Disposition: Still Pending

6. Approximate date of filing lawsuit: September of 2007

7. Approximate date of disposition: Still Pending

II. Place of Present Confinement: Washington State Penitentiary

    A. Is there a prisoner grievance procedure available at this institution? ☒ Yes ☐ No

    B. Have you filed any grievances concerning the facts relating to this complaint? ☒ Yes ☐ No

    C. Is the grievance process completed?

    D. Have you sought other informal or formal relief from the proper administrative officials regarding that facts alleged in this complaint? ☐ Yes ☒ No

(ADDITIONAL LAWSUIT)
Parties to this previous lawsuit
Plaintiff: Anthony Eugene Lewis
Defendants: King County
Court (give names of Districts) Western District Court at Seattle
Docket Number: C08-1201-Jcc-MAT
NAME OF JUDGE to whom case was assigned: John C. Coughenour / Mary A. Theiler
Disposition: Still Pending
Approximate date of filing lawsuit: August of 2008
Approximate date of disposition: Still pending

III. Placement of Present Confinement: Washington State Penitentiary
    E. Is there a prisoner grievance procedure available at this institution? ☒ Yes ☐ No
    F. Have you filed any grievance concerning the facts relating to this complaint? ☒ Yes ☐ No
    G. Is the grievance process completed? ☒ Yes ☐ No
    H. Have you sought other informal or formal relief from the proper administrative officials regarding the facts alleged in this complaint? ☐ Yes ☒ No

IV. (ADDITIONAL LAW SUIT):
Parties to this previous lawsuit:
Plaintiff: Anthony Eugene Lewis
Defendants: State of Washington Department of Corrections
Court (give names of Districts: Eastern District Court at Spokane
Docket Number: CV-09-5047-EFS
NAME OF JUDGE to whom case was assign: Plaintiff knows only the initials
Disposition: Still pending
Approximate date of filing lawsuit: June 11, 2009

V. Parties to this Complaint
    A. Name of Plaintiff: Anthony Eugene Lewis, Inmate No: 986577
      Address: 1313 N. 13TH AVE, WALLA, WALLA, WA, 99362

    (In Item B below, place the full name of the defendant,
his/her place of employment. Use Item C for the names,
positions and places of employement of any additional
defendant's. Attach additional sheets if necessary.)

2

B. Defendant: __CITY Of Seattle, etal__   Official Position: __EMPLOYER__

Place of employment: __King County, in the state of Washington__

C. Additional defendants (NOTE: These Defendants must be listed in the caption of the

Complaint.): __Greg Nickels, Sandra K, Nick Licata, Seattle Police Dept__

__Office of Professional Accountability, Sam Pailea, Gil Kerlikowske__

__Neil Low, Steven Brown, William Edwards, Mark Hazard, Kerry__

__Zleger, James Lee, Micheal Tietjen, Micheal kebba, Thomas Mooney__

__Andrew Zwaschka, Dee Quiggle and Sheldon Sather__

IV.   **Statement of Claim:**

(State here as briefly as possible the facts of your case.  Describe how each defendant is
involved, including dates, places, and other persons involved.  Do not give any legal
arguments or cite any cases or statutes.  If you allege a number of related claims, number
and set forth each claim in a separate paragraph.  Attach additional sheets if necessary.)

(JURISDICTION)

1. This action is brought for violation of the First, Fourth,
Fifth, Sixth, 8th, 9th, 13th, 14th and Fifthteenth Amendment Rights to the
Constitution of the United states under 42 U.S.C. § 1981 and 1982, 1983,
1985(2)(3), 1986, 1987, and 1988 for tortious conduct under the laws of the
state of Washington. 2. This court has jurisdiction of this action
under R.C.W. 4.12.020. Venue is properly established in this
Judicial district pursuant to R.C.W. 4.12.020 and RCW 4.96.020
and RCW 43.101.410 3. Mr. Lewis filed claims for damages regarding
the torts alleged in this action. The claims were presented
to the Office of the City Clerk of the City of Seattle on
May 12, 2006 and July 18, 2006 and the Seattle Police
Department's office of Professional Acountability on
May 12, 2006

(Rev. 09/06)

3

## PARTIES.

4.

At all times material herein, plaintiff Anthony E. Lewis was a person or class of persons of equal protection of the laws and is a resident of Seattle, King County in the state of Washington.

5.

At all times material herein, defendant Seattle Police Department's Office of Professional Accountability, was employed by the City of Seattle.

6.

At all times referred to herein, defendant Micheal Tietjen was a police officer employed by the City of Seattle.

7.

At all times referred to herein, defendant James Lee was a police officer employed by the City of Seattle.

8.

At all times referred to herein, defendant Kerry Zieger was a police officer employed by the City of Seattle.

9.

At all times referred to herein, defendant Thomas M. Mooney, was a police officer employed by the city of Seattle.

10.

At all times referred to herein, defendant Andrew B. Zwascka was a police officer employed by the City of Seattle.

11.

Defendant Mark Hazard was at all times referred to herein, Shift Sergeant of the Seattle Police Department's West Precinct for the City of Seattle, and as such, was a commanding officer of defendants Tietjen, Lee, Zieger, Mooney and Zwascka, and was responsible for training and supervision of defendants Tietjen, Lee, Zieger, Mooney and Zwascka, as more fully set forth below. Defendant Hazard is further responsible by law for enforcing the regulations of the Seattle Police Department

4

West Precinct and of the City of Seattle and for ensuring he set example for ensuring that City of Seattle police officers assigned to the West precinct obey the laws of the State of Washington and the United State of America, and for setting City policies with respect to the training and supervision of his shift and City police officers.

12.

Defendant Neil Low was at all times referred to herein, a Captain of Police for the City of Seattle, and as such was the reviewing commanding officer of the Seattle Police Department Office of Professional Accountability Section investigation of defendants Tietjen, Lee, Zieger, Hazard, Mooney and Zwascka, and was responsible for the investigation complaint handling process of the Seattle Police Department office of Professional Accountability Investigation section for the recommendation and discipline of defendants Tietjen, Lee, Zieger Hazard, Mooney and Zwascka, as more fully set forth below.

Defendant Low is further responsible by law for enforcing the regulations of the City of Seattle and for ensuring that the City of Seattle police officers receive the recommended discipline from disobeying the laws of the State of Washington and the United States of America, and for setting City polices with respect to investigations and recommendations and discipline of City police officers.

13.

Defendant Gil Kerlikowske was at all times referred to herein, chief of Police for the City of Seattle, and as such, was the commanding officer of defendants Tietjen, Lee, Zieger, Hazard, Mooney, Zwascka and Low and was responsible for the hiring, training, supervision, and discipline

of defendants Tietjen, Lee, Zieger, Hazard, Mooney, Zwaska and Low as more fully set forth below. Defendant Kerlikowske is further responsible by law for enforcing the regulations of the City of Seattle and for ensuring that the City of Seattle police officers obey the laws of the State of Washington and the United States of America, and for setting City policies with respect to the hiring, training, supervision, and discipline of City police officers.

15.

At all times referred to herein, defendant Sam Pailca was a director of Office of Professional Accountability and as such was the director of the office of Professional Accountability and was responsible for reviewing the OPA-IS investigation, the proposed disposition of the investigation section and comments and input of the command staff regulations of the City of Seattle, and for ensuring that the City of Seattle police officers obey the laws of the State of Washington and the United States of America, and for setting City policies with respect to directing the City Office of Professional Accountability of the City police officers

16

Defendant City of Seattle is a municipal corporation located in King County, Washington, existing and duly incorporated and organized under the laws of the State of Washington, providing law enforcement services to it's resident and visitors by and through the Seattle Police Department. Defendant City of Seattle was the employer of defendants Tietjen, Lee, Zieger, Hazard, Mooney, Zwaska, Low, Kerlikowske, Pailca, Sandusk, Edwards Jr, Kebhu, Brown, Licata, Quiggle, Seattle Police Department-Office of Professional Accountability and Nickels at all times of the conduct alleged herein.

17.

Defendant William J. Edwards Jr was at all times referred to herein a sergeant, and as such was a intake, investigator for the Seattle Police Department Investigation summary Report involving a complaint filed against defendants Tietjen, Lee, and zieger and was a part of the responsibility by law ensuring that the City of Seattle Police officer receive the recommeded discipline from disobeying the laws of the State of Washington and the United states of America, and for setting city policies with respect to investigations and recommendations and discipline of the city police officers involved.

18.

Defendant Micheal T. Kebba was at all times referred to herein a Lieutenant, and as such was a reviewer, for the Seattle Police Department investigation summary Report involving a complaint filed against defendants Tietjen, Lee, and zieger and was a part of the responsibility by law ensuring that the city of Seattle Police Officer receive recommonded discipline from disobeying the laws of the state of Washington and with respect to investigations and recommendations and discipline of the city police officers involved.

19.

Defendant Steven B. Brown was at all times referred to herein a Captain and Commander of the West Precinct Seattle Police Department, and was reviewing Commanding officer investigating of defendant's Tietjen, Lee and zieger and was responsible for handling the investigation complaint-handling process and for ensuring that City of

7

Seattle police officers receive the recommended discipline from disobeying the laws of the State of Washington and the United state America, and for setting city policies with respect to investigations and recommendations and discipline of city police officers. involved.

20.

Defendant Sandra K. was at all times referred to herein a reviewer and as such was a reviewer for the Office of Professional Accountability, and was a reviewing commanding officer investigating of defendants Tietjen, Lee and zieger and was responsible for handling the investigation complaint-handling process and for ensuring that City of Seattle police officers receive the recommended discipline from disobeying the laws of the state of Washington and the United States of America, and for setting City policies with respect to investigations and recommendations and discipline of city police officers. involved.

21.

Defendant Nick Licata was at all times herein referred to was a President of the City Council of Seattle and as such was a reviewer for the city of Seattle, investigating claims against the city's Seattle Police Department officer's Tietjen, Lee and zieger and was responsible for handling the investigation complaint handling process and for ensuring that city of Seattle police officer's act's of disobeying the laws of the state of Washington and the United States of America, and for setting city policies with respect to rendering just compensation was afforded to it's city's citizens against misconduct; on the part of the

8

City's Seattle Police Department's police officers involved.

### 22.

Defendant Greg Nickels was at all times referred to herein a Mayor, and as such was a mayor of the City of Seattle and was responsible for reviewing any and all reports of recommendation's of police internal investigations detailed by the Seattle Police Department's chief, and Office of Professional Accountability and City Council's proposed facts, findings and conclusions with respect to the City's Claims-division conducting investigation's and evaluating and recommending a reasonable resolution of a citizens Claim for damages involving one of three alternatives.' 1. Pay a sum of money, 2. Tender-transfer to another party or entity, 3. Deny- where there is no evidence of any negligence by the City, and if it is recommendation to pay over $10,000, then it must be approved by the City Council and the Mayor, and for setting policies with respect to directing the city of Seattle.

At all times referred to herein, defendants seattle officers Micheal Tietjen, James Lee, Kerry Zieger, Thomas M. Mooney, Sheldon Sather, Andrew B. Zwascka, Sergeant Mark Hazard, Captain Neil Low, Chief Gil Kerlikowske, Director of Office of Professional Accountability- Sam Pailca, Office of Professional Accountability review board committe Sandra K, President of Seattle City Council Nick Licata, Seattle Police Lieutenant Micheal Kebba, Seattle Police Sergeant William Edwards, Seattle Police Captain Steven Brown, City of Seattle Claim Manager Dee Quiggle and City of Seattle Mayor Greg Nickels acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Washington and the City of Seattle.

23

Defendant Dee Quiggle was at all times referred to herein a Claims Manager, and as such was Claims Manager of City of Seattle and was responsible for reviewing any and all claims against the city of Seattle and reviewing any and all reports and documents related.

24

At all times referred to herein, defendant Sheldon Sather was a Seattle Police Detective employed by the City of Seattle.

25.

## BACK GROUND FACTS

On March 10, 2005 at 2:50 A.M, Anthony E. Lewis and his cousin Tommie Lee McClure who are both African American negroes were victims of a conspiracy among Seattle Police Officers racial or class based discrimination to prevent plaintiff and his cousin from enjoying and exercising their clearly established rights, privileges and immunities as citizens of the united states and state of Washington, including but not limited to their rights to freedom of speech, movement, association and assembly; the right to petition their government for a redress of grievances; their right to be secure in their persons; their right not to be enslaved nor deprived of life, liberty or property other than due process of law, and their rights to travel the public city street without restraint in the same terms as white citizens in the city of Seattle, for King county, Washington. 26. The Seattle Police officers in a van conspired to racially profiled Mr. Lewis and Mr. McClure, as they drove by slow at a slow pace while intently staring and officer Tietjen gave the order to follow Mr. Lewis and Mr. McClure as they continued walking. 27. The SPD police van drove by again. Officer Zieger who was seated in the front passenger seat in the van yelled out the window at Mr. Lewis and Mr. McClure to both get their hands out of their coat pockets for no reason.

28. Mr. Lewis asked the officer Zieger, who was he yelling at and that he nor the police had probable cause to order him and Mr. McClure to get their hands out of their coat pockets.

29. Mr. Lewis and Mr. McClure continued walking. At no time did Mr. Lewis or Mr. McClure threaten the officers or act suspiciously or commit a crime in the officers presence.

30. Defendant Lee stopped the SPD police van and defendants Tietjen, Lee and zieger got out. 31. Defendant Lee

and zieger ordered Mr. Lewis and Mr. McClure to remove
their hands from their coat pockets again for no reason.
32. Defendant Zieger conspired to immediately take controle
of Mr. McClure and detained him. 33. Mr. Lewis responded by
telling the officers they had no probable cause to stop
them and clearly stated to the officers that they were
racially profiling and harassing them. 34. Mr. Lewis walked away
from the officers. 35. Mr. Lewis made no threatening gestures.
36. Defendant Tietjen conspired to used force to stop Mr. Lewis, by
punching him in the head, and kicking him in the stomach and
tackling him down to the pavement. 37. As Mr. Lewis lay face
up on the sidewalk protesting against the officers' lack
of probable cause and excessive use of force. 38. Defendant Officer
Tietjen conspired to put his hands around Mr. Lewis' neck
and began to chuck Mr. Lewis from further protesting
his assault. 39. Defendant Lee conspired to try to pull plaintiffs
hands free from his pockets and without success began
punching plaintiff directly in his penis, and testicles.
40. Defendant officer Zieger conspired to fail to intervene and
protect plaintiff from injuries caused by officers Tietjen and
Lee, while he detained Mr. McClure. 41. Mr. Lewis told the defendant
officers Tietjen and Lee they were hurting him. After Defendant
officers Tietjen and Lee pulled plaintiff's hands out of his pockets they found
he possessed cocaine. 42. The defendant Officers conspired to arrest plaintiff without lawful
probable cause. 43. Plaintiffs cousin Mr. McClure also challenged the defendant
officers unlawful arrest and assault on plaintiff and was also assaulted
and arrested for making the statement "What the f..k." Me and
my cousin cant go to the store and buy a f..ken pop."
44. Defendant officers Tietjen, Lee and Zieger, conspired to call
co-conspirators officers Mooney and Wascka who
arrived at the scene and officers Tietjen, Mooney and Zwascka
in conspiracy - transported plaintiffs cousin to the West Precinct

11

In a separate vehichles. While defendant officers Lee and Zieger transported plaintiff to the West Precinct in the SPD Van.

45. At no time leading up to or during the defendant officers unlawful racial profile harassment, stop, assault battery and arrest of Anthony Lewis was he nor Mr. McClure disorderly or a threat to the safety of themselves or others. 46. Enroute to the West precinct, plaintiff asked the defendant officers to take him immediately to the hospital and again stated that they did not have probable cause to stop and assault him and arrest him and his cousin.

47. The defendant officers Lee, and Zieger in conspiracy laughed and told plaintiff to shot the f.. & up he was not a jail house lawyer and the only way he was not going to jail is if he died and refused to take plaintiff immediately to the hospital for treatment for his internal injuries.

48. Plaintiff was logged into the West Precinct by officer Lee at 0312 hours for the crime of VUCSA and detained in holding cell # 1. Sergeant Hazard asked plaintiff if he had been assaulted. 49. Plaintiff told Sergeant Hazard he and his cousin Lonnie McClure had been unlawfully stopped and arrested and during his arrest he was assaulted. 50. Defendant Sergeant Hazard conspired informing plaintiff that he would be taken to the hospital after he stood up and had pictures taken. 51. As plaintiff began to stand, he had a siezure and fell to the floor handcuffed behind his back.

52. Officers conspired gathering around and began to mock and laugh at plaintiff by while taunting him to get up and quit fuking his injuries. 53. Plaintiff's cousin was also logged into the West Precinct by Officer Lee at 0312, for the crime of VUCSA and detained in holding cell # 3 and witnessed observing plaintiff's seizure and the officers action and inactions of laughing and mocking him. 54. The Fire Department was dispatched at 3:20 and arrived at 3:23 and externally treated plaintiff until 3:39 and told the seattle Police to take plaintiff to the hospital for treatment to his internal injuries. 55. At 0346 hours, the arresting officers and Sgt. Hazard conspired to release Lonnie Lee McClure and Sgt. Hazard signed with his (MH) initials and in disregard to an active warrant for Mr. McClures arrest for D.O.C. violation. 56. Plaintiff's cousin upon his unlawful release from the West precinct police station was threatened by the seattle police not to show up for court, in exchange for his release and silence as a witness and not to go downtown again no matter what. 57. The Seattle Police Department officers deliberately conspired to fail to document a suspect or WITNESS statement from plaintiff's cousin prior to Mr. McClure's unlawful release for exculpatory evidence in processing criminal charges in good faith before the king county prosecuting Attorney's Office in order to obtain a private advantage.

58. Plaintiff was taken from the seattle Police West Precinct at 0355 hours to the Harborview hospital emergency room where plaintiff was treated for his injuries related

to his genitals, eye, wrist and hand. After being
treated officers Lee and Zieger booked plaintiff into
the King County Jail for investigation of violation
of the uniformed controlled substances act.

58. Plaintiff was released 72 hours later
when no formal charges were filed. 59. At his
release, Dr. Gary Goldbaum a Harborview Health Care
Physician examined plaintiff for ongoing treatment
and told him the injuries to his genitals would
prevent him from furthering children. 60. Seattle Police Detective Sheldon Sather
processed plaintiff's case file, in order for plaintiff on August 29, 2005, to be unlawfully compelled to
appear for arraignment in King County Superior court in case
number 05-1-0846-OSEA for violation of the uniform controlled substance
Acts. 61. Officers Tietjen, Lee, Zieger and Hazard conspired a misleading "Determination
for Probable Cause to arrest" plaintiff by falsely asserting he and the
other officers Lee and Zieger saw plaintiff engaged in a drug
transaction on March 10, 2005. 62. Officer Tietjen, Lee, Zieger, Hazard
Mooney and Zwaschka, conspired together not to record that officers
stopped, arrested, transported, detained and unlawfully released
plaintiff's cousin as a suspect or WITNESS without a statement
from the Seattle Police Department West Precinct, in light of an active
warrant. 63. On December 5, 2005 plaintiff appeared for a trial
and moved to suppress the drugs found on him.

64. In the suppression hearing, plaintiff testified he and
his cousin were racially profiled and that he did not
engage in a drug transaction as falsely conspired by the
officers and that while he and his cousin had been unlawfully
stopped and detained he was assaulted.

65. Officers Tietjen, Lee and Zieger testified in conspiracy they
stopped plaintiff on suspicion of narcotics activity and that
plaintiff's cousin was not a suspect or WITNESS also stopped

14

detained, arrested, booked into the West Precinct Holding cell #3 and unlawfully released with an active warrant. 66. The officers conspired testifying there was a struggle and conspired not to testify that any force was used during plaintiff's arrest.

67. Officer Lee conspired testifying that he had not hit plaintiff or that no other officer had kicked plaintiff during the arrest. 68. Based on fraud, perjury and conspiracy by officers Tietjen Lee and zieger during trial, the trial court denied plaintiff's motion to suppress. 69. Plaintiff then unknowingly, unvoluntary and unintelligently waived his right to a jury and yes ineffectively represented to trial on stipulated facts on December 5, 2005.

70. Based on those facts, plaintiff was found guilty.

71. On December 6, 2005, officer Lee contacted the King County Prosecutoring attorney's office and stated after he reviewed his use of force statement, he had infact punched plaintiff in the pelvic area at the time of the arrest and further failed to disclose in good faith, he also had personally logged both plaintiff and Mr. McClure into the west precinct for the same crime of VUCSA at 0312 hours. 72. On March 27th, 2006 plaintiff's aunt Dorothy McClure provided a declaration in support of plaintiff's claim of police conspiracy and new trial and 3.6 [suppression] motion hearing on statements of events of her son Lonnie McClure's return to her home on March 10, 2005. "I, Dorothy McClure, declare under penalty of perjury of the laws of the state of Washington that the following is true and correct based upon information and belief." "On the morning of March 10, 2005, [Lonnie McClure] returned to my home at about 5 am. He was visibly shaken and crying.

I asked him what was wrong and he stated that he was walking with his cousin [Anthony Lewis]. He told me that they were going to buy a soda pop at the store. He told me the cops had been messing with them and following them. He told me that they made Anthony take

15

his hands out of his pockets and were stopping him for no reason. He told me that they were both handcuffed and taken in custody. He showed me the visible red marks from where the cuffs had been on his wrist. [The officers had told my son not go downtown again no matter what and threatened him. Since this time my son has not been able to visit me out of fear.] 73. On May 12, 2006, the trial court granted plaintiffs motion to withdraw his stipulation to facts and waiver of jury trial and ordered plaintiff be granted a new trial" and new "3.6 [suppression] motion hearing." 74. On May 12, 2006 plaintiff filed a complaint with the Seattle Police Departments Office of Professional Accountability. (IS-OPA File #2006-11S-0234). The complaint alleges that named officers Tietjen, Lee and zieger stopped him unlawfully, using unnecessary force while doing so. The complaint says an additional suspect was also arrested and threatened upon released but the officers failed to document this. 75. Additionally, on May 12, 2006 and July 28, 2006, plaintiff submitted to the City of Seattle claims for damages alleging the police officers assaulted him and maliciously prosecuted him with motive of conspiracy

76. On October 3, 2006 plaintiff's case was dismissed with prejudice. 77. On October 31, 2006, the OPA investigation section's Seattle Police Captain Neil Low conducted his internal investigation and concluded. "The West Precinct log sheet shows that subject Lewis and Lonnie McClure were logged in at the same time, 0312 hours, for VUCSA, to officers Lee. McClure was I and R'd at 0346 hours by an unidentified person.

78. Officer Lee claims to have no memory of this arrest even though it is his handwriting that logs both Anthony Lewis and Lonnie McClure into the West Precinct holding cells.

16

2

79. His lack of attention to detail undermines the credibility of the other officers, as well as his own.

80. Officers are paid and trained to record and recall details. 81. Officers Lee and Tietjen also did not help their cause in that they did not document the arrest and detention of Lonnie McClure and clearly they did not screen his arrest, detention, and release with Sgt. Hazard. 82. This seriously undermines their credibility. 83. This case gets worse when evidence shows that officer Lee went on to testify in a criminal hearing that he did not use force when arresting Mr. Lewis. 83. It was the next morning, after he had a chance to review his notes at the station, that officer Lee called the prosecutor and told he had testified in error. 84. It's admirable that he corrected the mistake, which may have gone unchallenged, but his duty was to have prepared himself to truthfully and accurately the first time. 85. His lack of preparation and willingness to testify positively to facts he was unsure of undermine the credibility of the department.

86. [Although it is likely that Mr. Lewis was involved in activity that drew the officers attention to him, entitling them to make a lawfully Terry Stop and Frisk, the factual errors in their documentation prevent me from making that conclusion. I recommend a finding of NOT SUSTAINED for the initial stop, which resulted in their necessarily using force.] 87. As far as following arrest procedures, evidence supports that officers Lee and Tietjen failed to screen the arrest of Lonnie McClure and document it. I recommend a finding of SUSTAINED.

88. There is no evidence that officer Lee testified untruthfully, and so I recommend a finding of UNFOUNDED

17

89. There is evidence, however, that Officer Lee made a factual error during his testimony. This appears to be more a problem of careless preparation and a lack of attention to detail, than it was a case of deliberate dishonesty.

90. This is a training issue, and I recommend a finding of SUPERVISORY INTERVENTION.

91. Defendant Captain Neil Low, conspired to deprive a duty owed to plaintiff to recommend the Third arresting Co-defendant Seattle Police Officer Kerry Zieger held accountable for conspiracy to commit fraud and perjury by testifying during trial that Connie McClure was not arrested at the scene, and for his willful failure to document screening Connie McClure's arrest, detention and release with Sgt. Hazard. And that this seriously undermines his own credibility as well. 92. Defendant Captain Neil Low conspired not to find defendant Zieger's conspiracy for the same undermine credibility of the department policy accountable with both officers Tietjen and Lee who receive SUPERVISORY INTERVENTION of retraining.

93. Defendant Captain Neil Low, further conspired to deprave a duty owed to plaintiff when he failed to hold Co-defendant Sgt. Hazard accountable to receive the same SUPERVISORY INTERVENTION as officer's Tietjen and Lee from evidence showing he conspired to deprive plaintiff a duty owed to have recorded a suspect or WITNESS statement from Connie McClure. 94. Or conclude Hazard conspired not to properly screen his shift of arrest and release of prisoners, and should have documented the officers unlawful release and failure to screen McClure's arrest and detention from the West Precinct. 95. And recommended this finding from the same West Precinct Log Sheet that not only revealed that subjects Lewis and McClure were logged in at the same time by officer Lee's name, but also clearly shows Sgt. Hazards (MH) signature initials screening both plaintiff and his cousins booking arrivals at 0312 hours and their individual releases at 0346 hours and 0355 hours release as evidence of his conspiracy of undermining his own credibility of Supervisor's summary of incident to unit commander Lt. D. Lowe, Section Commander Capt. L. Pierce and Patrol Operations Bureau chief, Ass Chief N. Metz, as a particular duty owed to plaintiff.

18

2..

96. Seattle Police Department's chief of Police Gil Kerlikowske, a final policymaker and disciplinary Officer having the final say over all analysis of the Seattle Police Office of Professional Accountability disciplinary action and approval owed a duty to plaintiff as an individual upon review and recommendation of Captain Neil Low's, proposed Disposition of plaintiff's Complaint Completed on October 31, 2005 =

97. Chief Gil Kerlikowske, after review of the entire complaint, and having knowledge that all four officers Tietjen, Lee, Zieger and Hazard involved with failing to document the unlawful arrest and release of plaintiff's cousin connie McClure as a suspect or WITNESS on March 10, 2005.

98. Defendant Kerlikowske owed a duty to plaintiff to have held both Officers Kerry Zieger and Sgt. Hazard both held accountable for their failure of duty owed to plaintiff to have documented the arrest and release of plaintiff's cousin, who also had an active warrant for his arrest on March 10, 2005.

99. Defendant Gil Kerlikowske, in his deliberate indifference of holding both Zieger and Hazard accountable along with officers Tietjen and Lee to receive the same supervisory intervention conspired for the intentional purpose of minimizing liability and any further evidence of a Seattle Police Department Conspiracy becoming made part of record before the City of Seattle, who is the Seattle Police Departments employers.

100. Defendant Kerlikowske in further deliberate indifference of a duty owed to plaintiff same evident facts of plaintiff's complaint investigated by the Seattle Police Department's office of Professional Accountability to deprive plaintiff of rights and privileges and immunities, against conspiracy.

101. Plaintiff was therefore deprive of a duty owed by the Seattle Police Department Complaint investigation and proposed Disposition records for review as part of plaintiff's redress for grievances against the City of Seattle determining recovery of damages under claims #c-76855 and C-77122 filed by plaintiff, on May 12, 2006 and duly 18, 2006.

106. On February 9, 2007, defendant sam Pailca director of the office of Professional Accountability Investigation section deprived a duty owed to Plaintiff by filing a deference Certification of Completion and OPA Disposition final outcome not sustained on use of force, and supervisory intervention on arrest procedures and honest/test. prep. allegations against (only) officers Tietjen and Lee. 107. While rendering deliberate indifference to exclude officer zieger and sgt. Hazard and officers Mooney and Zwaschka, for their conspired fraud and perjury to fail to document evidence of their involvement and arrest procedures of Plaintiffs cousin Mr. McClure, on March 10, 2005, presented to Seattle Police Chief GIL Kerlikowske for his final say on whether or not to concur with Captain Neil Low's report recommendations. 108. On January 7, 2008, Claims Manager Dee Quiggle, for the City of Seattle's Department of Executive Administration in response to Plaintiffs Claims for damages #C-76855 and #C-77122), deprived a owed duty to Plaintiff by conspiring to deprive owing a duty to plaintiff from reading the Seattle Police Department reports It appeared a denial is appropriate. 109. In light of conflicting evidence to support [any finding] of supervisory intervention against [at least] officers Tietjen and Lee to hold the City liable for the Seattle Police Departments failure to screen, supervise or train regarding unlawful arrest and assault and honesty/testimony and trial preparation in deprivation of plaintiffs rights or priviledges to receive just compensation for a redress of grievances against the City of Seattle. 110. Additionally, in light of conspired arbitrary action of governmental conduct Involving conspiracy by the seattle Police Officers Tietjen, Lee, Zieger, Hazard, to deprive plaintiff of the right to compulsory process of documenting Mr. McClures arrest, and release as a suspect and WITNESS. 111. To have supported a finding that the officers actions or inactions against plaintiff cause plaintiff to be unlawfully found guilty on December 5, 2005, in conspiracy

21

against plaintiff, for the designed purpose to conspire statement of events on March 10, 2005 with deliberate indifference to obtain a private advantage against plaintiff with goal of depriving plaintiff of his clearly established constitutional rights. to find them guilty also at his retrial if it were not for the court dismissing his case with prejudice on 10/3/06.

112. There is evidence that the city of Seattle claims division owed a duty to plaintiff from reading the reports and plaintiffs complaint to have determined liability involving December 5, 2005, defendants officers' Tietjen and Zieger conspired testimony's that plaintiff was not arrested with Mr. McClure and if Mr. McClure had been at the scene they would have documented Mr. McClure in their reports, to support a finding of fraud and perjury when the evidence revealed during the OPA investigation Lonnie McClure was arrested and released.

113. There is evidence that the City of Seattle deprived owing a duty to plaintiff based upon the facts and findings and conclusions to conspire not wrong doing on behalf of officers Tietjen Lee, Zieger and Hazard filed conspired statement of event on March 10, 2005, or that defendants Mooney and Zwaschka did not owe a duty to plaintiff to have atleast filed their involvement having transported Lonnie McClure to the West Precinct and documented their involvement in his arrest following department policy.

114. There is evidence that both officers Mooney and Zwaschka owed a duty to plaintiff not to conspire failing to document plaintiff's cousin, Lonnie McClure's unlawful arrest and release as a suspect or witness; for the conspired purpose of depriving any record of evidence that Mr. McClure that would lead to exculpatory evidence exposing the true nature of facts surrounding plaintiffs unlawful stop, assault, arrest and selective and malicious prosecution from the March 10, 2005 incident.

## 115

UNDER 42 U.S.C. § 1981, 1982, 1983, 1985 (3) AND 1986 AGAINST OFFICER TIETJEN LEE AND ZIEGER IN THEIR PRIVATE AND OR OFFICIAL CAPACITIES FOR CONSPIRACY OF VIOLATION OF PLAINTIFF'S FIRST, 8th 9th AND FOURTEENTH AMENDMENT RIGHTS (RACIAL PROFILING!)

## 116.

At all times material herein, defendants Tietjen, Lee and Zieger, acting under the color of state law, had a duty to refrain from conspiring to deprive plaintiff Anthony E. Lewis and Lonnie McClure of their constitutional rights. Defendants Tietjen, Lee and Zieger breached the aforementioned duty by conspiring to racial profile Mr. Lewis and Mr. McClure, as african american persons or a class of persons

under the equal protection of the laws, or of equal privileges and immunities from conspiracy to commit biased policing in the same term applied to white citizens in the city of Seattle, for King County, Washington.

### 117.

Plaintiff Lewis claims damages for the injuries set forth above under 42 U.S.C. § 1981, 1982, 1983 1985 (3) and 1986 against officers Tietjen, Lee and Zieger for violation of his and Mr. McClure's Constitutional rights under color of law.

### 118.

The conduct of the defendants was racially motivated, knowing, intentional, malicious, and conspired and in deliberate indifference to the rights of plaintiff's, as African American citizens. And therefore plaintiff's are entitled to receive punitive damages.

### 119.

UNDER 42 U.S.C. § 1983/1985 (3) AND 1986 AGAINST OFFICERS TIETJEN, LEE AND ZIEGER IN THEIR PRIVATE AND OR OFFICIAL CAPACITIES AND CONSPIRACY FOR VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS (FREEDOM OF SPEECH)

### 120

At all time material herein, defendants Tietjen, Lee and Zieger, acting under color of state law, had a duty to refrain from depriving plaintiff Anthony C. Lewis of his Constitutional rights.

Defendants Tietjen, Lee and Zieger breached the aforementioned duty by conspiring to forcibly prevent Mr. Lewis from exercising his clearly-established First Amendment right to speak freely to inform the officers that they did not have probable cause to order him and his cousin Mr. McClure to stop and remove their hands from their pockets. without probable cause and that the officers

23

set fourth above under 42 U.S.C. §1981, 1983, 1983, 1985(3) and 1986 against defendants officers Tietjen, Lee, and Zieger for violation of his constitutional rights under color of law which was unlawful at the time of the arrest and unlawful imprisonment.

**126.**

The conduct of the defendants was knowing, Intentional, maliciously and conspired by reason of which plaintiff is entitled to punitive damages.

**127.**

UNDER 42 U.S.C. §1985 (3) AND 1986 AGAINST OFFICERS TIETJEN, LEE AND ZIEGER IN THEIR PRIVATE AND OR OFFICIAL CAPACITIES FOR CONSPIRACY FOR VIOLATION OF PLAINTIFF'S, FOURTH, EIGHTH, 9th AND FOURTEENTH AMENDMENT RIGHTS (EXCESSIVE FORCE)

**128.**

Defendants Tietjen, Lee and zieger breached the aforementioned duty to refrain from depriving plaintiff of his constitutional rights by conspiring to use unreasonable excessive force to arrest Mr. Lewis, by officer Tietjen punching Mr Lewis in the head, kicking him in the stomach and while he lay on his back began chocking him, while officer Lee repeatedly punched Mr Lewis in his penis and testicles and both officer bent backwards Mr Lewis right thumb dislocating it, in order to pry open his hand to discover he was in possession of drugs and that officer zieger stood by and failed as a police officer to stop officers Tietjen and Lee use excessive force.

**129.**

Plaintiff Lewis claims damages for the injuries set fourth above under 42 U.S.C. §1985 (3) and 1986 against defendant officers Tietjen, Lee Zieger for violation of his constitutional rights under color of law.

**130.**

The conduct of the defendants was knowing, intentional maliciously and conspired by reason of which plaintiff is entitled

to punitive damages because neither officers Tietjen or Lee stopped the other officer from using excessive force on plaintiff during an unlawful arrest.

131.

UNDER 42 U.S.C. § 1981, 1982, 1983, 1985(3) AND 1986 AGAINST OFFICER ZIEBER IN HIS PRIVATE AND OR OFFICIAL CAPACITY FOR CONSPIRACY VIOLATION OF PLAINTIFF'S FOURTH, 8TH, 9TH AND FOURTEENTH AMENDMENT RIGHTS (DELIBERATE INDIFFERENCE TO INTERVENE PREVENTING EXCESSIVE FORCE)

132.

Defendant Zieger breached the aforementioned duty to refrain from depriving plaintiff of his constitutional rights by conspiring to fail to intervene and protect Mr. Lewis from injuries caused by officers Tietjen and Lee's unreasonably excessive force of assault and battery to arrest Mr. Lewis, which constituted a violation of plaintiff's clearly-established rights under the Fourth, 8TH, 9TH. and Fourteenth Amendments to the Constitution of the United States, forbidding deliberate indifference to intervene when reasonable steps could have prevented the excessive force, but defendant Zieger chose not to act in owing plaintiff a clearly established duty of privileges and immunities as an African American citizen on the same term as white citizens, in the City of Seattle, for King County, Washington.

133.

Plaintiff Lewis claims damages for the injuries set forth above under 42 U.S.C. § 1981, 1982, 1983, 1985 (3) and 1986 against defendant Zieger for violation of his constitutional rights under color of law.

134.

The conduct of the defendant was knowing, intentional, malicious and conspired by reason of which plaintiff is entitled to punitive damages.

135.

UNDER 42 U.S.C. §1981, 1982, 1983, 1985 (3) AND 1986 AGAINST OFFICERS LEE AND ZIEGER IN THEIR PRIVATE AND OR OFFICIAL CAPACITIES, FOR CONSPIRACY FOR VIOLATION OF PLAINTIFF'S FIRST, 8th, 9th AND FOURTEENTH AMENDMENT RIGHTS (DELIBERATE INDIFFERENCE TO IMMEDIATE MEDICAL ATTENTION)

136.

Defendants Lee and Zieger breached the aforementioned duty to refrain from depriving plaintiff of his constitutional rights by conspiring to deprive Mr. Lewis immediate medical attention during the time he was under arrest and in custody of transport inside the police van and asked the officers to take him immediately to the hospital for his internal injuries to his penis and testicles injured by officer Lee and the officers rendered deliberate indiffence by laughing at plaintiff and ordering him to shut the "fuck up", exclaiming Mr. Lewis was not a jail house lawyer and that the only way he was not going to jail is if he died", which constituted a violation of plaintiff's clearly-established rights under the First, 8th, 9th and Fourteenth Amendments to the Constitution of the United States, forbidding the right to speak freely and petition the government against a redress of grievances and from unlawfully remaining deliberately indifference to Mr. Lewis serious medical needs as an african american citizen with the same privileges and immunities as white citizens in the city of seattle, for King county, washington.

137.

Plaintiff Lewis claims damages for the injuries set forth above under 42 U.S.C. §1981, 1982, 1985(3) and 1986 against defendant officers Lee and Zieger for violation of his constitutional rights under color of law.

138.

The conduct of the defendants was knowing, intentional malicious and conspired by reason of which plaintiff, is entitled to punitive damages.

27

139.

UNDER 42 U.S.C § 1981, 1982, 1983, 1985 (3) AND 1986 AGAINST OFFICERS TIETJEN, LEE, ZIEGER, HAZARD, MOONEY AND ZWASCKA IN THEIR PRIVATE AND OFFICIAL CAPACITIES FOR CONSPIRACY FOR VIOLATION OF PLAINTIFF'S FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENT (COMPULSORY PROCESS)

140.

Defendants Tietjen, Lee, Zieger, Hazard, Mooney and Zwascka breached the aforementioned duty to refrain from depriving plaintiff of his constitutional rights by conspiring deliberate indifference to owe a duty to plaintiff to document plaintiff's cousin Connie Lee McClure, in their police reports as a material witness present at the scene when plaintiff was arrested, and was also arrested and detained in the West Precinct holding cell #3, for the same crime of VUCSA, and was unlawfully released in light of an active warrant for his arrest, and was threatened by each other not to show up for court and testify as a witness for plaintiff's criminal prosecution, which constituted a violation of plaintiff's clearly established rights, under the Fifth, Sixth, eighth and fourteenth Amendments to the Constitution of the United states, forbidding conspiracy and interfering with compulsory process and failure to stop each other from committing such acts against plaintiff as an African American citizen, with privileges and immunities in the same term as white citizens in the city of Seattle, for King County, Washington.

141.

Plaintiff Lewis claims damages for the injuries set forth above under 42 U.S.C. § 1981, 1982, 1983, 1985 (3) AND 1986 against defendant Officers Tietjen, Lee, Zieger, Hazard, Mooney and Zwascka for violation of his constitutional rights under color of law.

142.

The conduct of the defendants was knowing, intentional, malicious, and conspired by reason of which plaintiff is entitled to punitive damages.

28

143.

UNDER 42 U.S.C. § 1981, 1982, 1983, 1985(3), AND 1986 AGAINST OFFICERS TIETJEN, LEE, ZIEGER AND HAZARD IN THEIR PRIVATE AND OFFICIAL CAPACITIES FOR CONSPIRACY FOR VIOLATION OF PLAINTIFF'S FIFTH, SIXTH, EIGHTH, 9th AND FOURTEENTH AMENDMENT RIGHTS (SELECTIVE AND MALICIOUS PROSECUTION)

144.

Defendants Tietjen, Lee, Zieger and Hazard breached the aforementioned duty to refrain from depriving plaintiff of his constitutional rights by conspiring to selectively and maliciously prosecute him in bad faith because the charges filed against him were not supported by probable cause and were based on false and conspired statements contained in defendants police reports and false statements contained in Officer Tietjen's arrest affidavit in support of the charging information that deliberately indifferenced to document plaintiff's cousin Lonnie Lee McClure as a material suspect or WITNESS also arrested and unlawfully released in light of an active warrant and threatened not to show up for court to testify on Mr. Lewis behalf, in order to conspire concealing evidence from the King County Prosecuting Attorney's office for purpose of impeding, hindering, obstructing, or defeating, in any manner the cause of justice, which constituted a violation of plaintiff's clearly-established rights under the Fifth, Sixth, Eighth, 9th and Fourteenth Amendment to the Constitution of the United States, forbidding conspiracy and selective and malicious prosecution against plaintiff as an African American citizen, with privileges and immunities in the same term as white citizens, in the city of Seattle, King county, Washington

145.

Plaintiff Lewis claims damages for the injuries set forth above under 42 U.S.C. § 1981, 1982, 1983, 1985(3) and 1986 against defendant officers Tietjen, Lee, Zieger and Hazard for violation of his constitutional rights under color of law.

146.

At all times material herein, defendants Tietjen, Lee, Zieger and Hazard acting under the color of state law, had a duty to ensure that each other refrain from depriving persons of their constitutional rights and had a duty to ensure each other filing their individual reports refrain from conspiracy depriving persons of their constitutional rights and had a duty to ensure each other refrain from conspiracy depriving plaintiff Anthony E. Lewis of his constitutional rights. Defendants, Tietjen, Lee, Zieger and Hazard are responsible by law for enforcing the regulations of the city of Seattle and for ensuring that city of Seattle police officers obey the laws of the, State of Washington and the laws of the United States.

147.

The conduct of the defendants was knowing, intentional, malicious and conspired by reason of which plaintiff is entitled to punitive damages.

148.

UNDER 42 U.S.C. § 1981, 1982, 1985(3) AND 1986 AGAINST OFFICERS TIETJEN, LEE, AND ZIEGER IN THEIR PRIVATE AND OR OFFICIAL CAPACITY FOR CONSPIRACY FOR VIOLATION OF PLAINTIFF'S FIRST, FOURTH, 8th, 9th AND FOURTEENTH AMENDMENT RIGHTS (PEACEABLY TO ASSEMBLE)

149.

Defendants Tietjen, Lee and Zieger breached the aforementioned duty to refrain from depriving owing a duty to plaintiff's constitutional rights by conspiring to abridge the rights of Mr. Lewis and Mr. McClure's right peaceably to assemble as African American citizen, with their hands inside their coat pockets on a city public side walk en-route to buy a soda pop at a store which constituted a violation of plaintiff's clearly-established rights under the First, Fourth, 8th, 9th, and Fourteenth Amendment to the Constitution of the United States, forbidding conspiracy of abridging the right of a particular classed based discrimination against african american exercising their clearly-established rights, privileges and immunities in the same term as white citizens in the city of Seattle, for king county, Washington.

150.

Plaintiff Lewis and McClure claims damages for the injuries set forth above under 42 U.S.C. § 1981, 1982, 1985(3) and 1986 against defendant Officers Tietjen, Lee and Zieger for violation of his constitutional rights under color of law

151.

The conduct of the defendants was knowing intentional, malicious and conspired and indeliberate indifference to the rights of Lewis and McClure. Therefore, Lewis and McClure are entitled to punitive damages against defendants Tietjen, Lee and Zieger.

152.

UNDER 42 U.S.C. § 1981, 1982, 1983, 1985(3)
AND 1986 AGAINST OFFICERS TIETJEN, LEE, ZIEGER AND HAZARD
IN THEIR PRIVATE AND/OR OFFICIAL CAPACITIES FOR CONSPIRACY FOR VIOLATION OF
PLAINTIFF'S FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENT RIGHTS
(ABUSE OF PROCESS)

153.

Defendants Tietjen, Lee, Zieger and Hazard conspired to breach the aforementioned duty to refrain from depriving plaintiff of his clearly-established constitutional rights by intentionally conspiring to obtain a second conviction by willfully retestifying to fraud and perjured facts which failed to openly admit plaintiff's cousin Lonnie Lee McClure as a suspect and WITNESS arrested and transported in separate vehicles on March 10, 2005, to the West Precinct at 0312 hours for the crime of VUCSA and detained in holding cell #3.

Defendant Officers Tietjen, Lee, Zieger and Hazard, in light of an active warrant for his arrest, released Mr. McClure under threat, coercion and ulterior motive of being released in exchange for Mr. McClure's silence and promise not to testify nor show up for court as a witness on behalf of plaintiff in the process of criminal charges being filed. Defendants Officer Tietjen, Lee, Zieger and Hazard furthered their conspiracy of abuse of process and fraud by the irregular act of initiating false criminal proceedings against plaintiff which deliberately failed to mention Mr. McClure's unlawful arrest and release in their police reports as a suspect and WITNESS after filing false criminal charges to the King County Prosecuting Attorney's office, using the legal process to empower their conspired ill will and motive to accomplish a private advantage of convicting plaintiff based on their conspired testimony's and police reports to accomplish an unlawful conviction on December 5, 2005, and or to compel plaintiff to stand trial for a false arrest

32

and imprisonment charge without reasonable suspicion or probable cause and so that plaintiff could not legally be compelled to do and deprived plaintiff as an african american citizen to receive the same privileges and immunities in the same term as white citizens in the city of Seattle, King County, Washington.

**154.**

Plaintiff Lewis claims damages for the injuries set forth under 42 U.S.C. §1981,1982, 1983,1985(3) and 1986, against defendants Tietjen, Lee, Zieger and Hazard for violation of his constitutional rights under color of law.

**155.**

The conduct of the defendants was knowing, intentional, malicious, and conspired by reason of which plaintiff is entitled to punitive damages

**156**

UNDER 42 U.S.C. §1983, 1985 (3) AND AGAINST OFFICERS TIETJEN LEE, ZIEGER AND HAZARD, IN THEIR PRIVATE AND OR OFFICIAL CAPACITIES FOR CONSPIRACY FOR VIOLATION OF PLAINTIFF'S 1ST, 4th, 5th, 6th, 8th, 9th, AND 14th AMENDMENT RIGHTS(FRAUD)

**157.**

Defendants Tietjen, Lee, Zieger and Hazard owed a duty to refrain from depriving plaintiff of his constitutional rights by refraining from conspiring initiating any act of fraud when making contact with plaintiff Lewis. Defendant Tietjen, Lee, Zieger and Hazard had a duty to stop each other, or any one of the named defendants, from motive of initiating any act of fraud and the defendants had a duty to follow the laws of the State of Washington and of the United States of America.

**158**

Defendants Tietjen, Lee, Zieger and Hazard breached this duty when they conspired unlawfully against Anthony Lewis. Defendants Tietjen, Lee, Zieger and Hazard breached his duty when they did nothing to each other from initiating any act of fraud against Anthony E. Lewis.

**159.**

Plaintiff Lewis claims damages for the injuries set above under 42 U.S.C. §1983, 1985 (2)(3) and 1986 against defendant officers Tietjen, Lee, Zieger and Hazard for violation of his constitutional rights under color of law.

**160.**

The conduct of the defendants was knowing, intentional, malicious and conspired by reason of which plaintiff is entitled to punitive damages.

161.

CONSPIRACY INFLICTION OF RACIAL EMOTIONAL DISTRESS
AGAINST INDIVIDUAL DEFENDANT OFFICERS TEETJEN AND ZIEGER
162.

The racial discrimination, deprivation of freedom of speech
abuse of process, false arrest, assault and battery, deliberate indifference
to immediate medical needs, conspiracy to interfer with compulsory
process, malicious prosecution, abridging the right peaceably to assemble,
fraud and pequry by officers Tietjen, Lee and zieger caused plaintiff
Lewis to be unlawfully and wrongfully found quilty to suffer emotional distress and humiliation and
physical pain and suffering as an African American class based citizen depriving him a privileges and
immunities in the same form as white citizen in the city of Seattle, King County, Washington

163.
As a direct and proximate result of this conspiracy
infliction of emotional distress, Mr. Lewis has incurred damages
and will continue to incur substantial damages in an amount
to be established at trial

164.

CONSPIRACY AGAINST INDIVIDUAL DEFENDANTS
OFFICERS MOONEY AND ZWASCKA FOR COMPULSORY PROCESS
165.

Defendants Mooney and zwascka owed a duty to
document their involvement in the arrest that Lonnie
Lee McClure was present when plaintiff was arrested thus
denied plaintiff compulsory process of obtaining witness and the officers
owed a duty to follow the laws of the state of
Washington when performing an official act of duty
when making contact with plaintiff Lewis.

Defendants Mooney and zwascka had a duty
to enforce each other, or any one of the named defendants

34

Tietjen, Lee, Zieger and Hazard, from failing to document
and conspiracy and the defendants have a duty to
follow the laws of the State of Washington.

### 166.

Defendants Mooney and Zwascka breached
this duty when they denied compulsory process unlawfully
against Anthony Lewis. Defendants Mooney and
Zwascka breached this duty when they did nothing
to each other from denying compulsory process unreasonably
against Anthony E. Lewis.

### 167.

As a direct and proximate result of this conspiracy
Mr. Lewis suffered damages and will continue to incurr
substantial damages in an amount to be established at trial.

### 168TH CLAIM

### CONSPIRACY INFLICTION OF RACIAL EMOTIONAL DISTRESS
### AGAINST PRIVATE    DEFENDANT OFFICERS MOONEY AND ZWASCKA

### 169.

The denial of compulsory process by officers Mooney
and Zwascka caused plaintiff Lewis to suffer emotional
distress, and deprivation and discrimination and conspiracy.

### 170.

As a direct and proximate result of this conspiracy
infliction of emotional distress, Mr. Lewis has incurred
damages and will continue to incur substantial damages
in amount to be established at trial.

171.

UNDER 42 U.S.C. §1981,1982,1983, 1985(2)(3) AND 1986 AGAINST
SERGEANT MARK HAZARD IN HIS PRIVATE AND/OR OFFICIAL CAPACITY FOR CONSPIRACY FOR
VIOLATION OF PLAINTIFF'S 13th, FOURTEENTH AMENDMENT RIGHTS
(BIASED POLICING)

172.

At all times material herein, Mark Hazard was the
shift Sergeant of the West Precinct Seattle Police Department.
Defendant Hazard conspired to allow Seattle Police officers
assigned to the West Precinct to commit wrongful
biased policing by failing to
adequately screen police officer candidates during the
hiring process, or to adequately train, supervise, or
discipline police officers under his shift command, including
defendants Tietjen, Lee, and Zieger.
Defendant Hazard failed to adequately review the
Seattle Police Department operating procedures, instructions
and training to establish the circumstances under which
persons have a Fourteenth Amendment right to the
privileges or immunities of citizens of the United
States; nor shall any state deprive any person of life
liberty, or property, without due process of law; nor deny
to any person within it's jurisdiction the equal protection
of the laws, concerning the conduct of police officers
or public officials. Defendant Hazard's tolerance of
the aforementioned conduct was a proximate cause of the
violation of plaintiff's constitutional rights. From the point
of contact he was placed on actual or constructive notice by both Mr. Lewis and
Mr. McClure, concerning the events of their unlawful arrest while detained at the West
Precinct, that they had both been racially profiled, followed and harassed by the

36

arresting officers who did not have probable cause to unlawfully arrest them.

173.

At all times material herein, Defendant Hazard acting under the color of state law, had a duty to ensure his officers under his shift command refrain from depriving persons of their constitutional rights and had a duty to ensure his officers refrain from depriving plaintiff Anthony E. Lewis of his constitutional rights. Defendant Hazard is further responsible by law for enforcing the regulations of the City of Seattle and for ensuring that the City of Seattle police officers obey the laws of the State of Washington and the laws of the United States.

174.

Defendant Sergeant Hazard breached the aforementioned duties by allowing his officers, Tietjen, Lee and zieger, to violate Mr. Lewis's and Mr. McClure's clearly-established rights by racially discriminating to document the true events of Anthony Lewis and Lonnie McClures arrest together for the same crime of VUCSA, in order to deprive plaintiff evidence of any unlawful arrest by officers Tietjen, Lee and Zieger, pertaining to evidence of Lonnie McClure being a suspect or WITNESS to plaintiff's arrest also having been unlawfully arrested and released from the West Precinct by officer Lee at 0312 hours on March 10, 2005.

175.

Plaintiff Lewis claims damages for the injuries set forth above under 42 U.S.C. § 1981, 1982, 1983, 1985(2)(3) AND 1986 against defendant Hazard for violation of his constitutional rights under color of law.

176.

The conduct of defendant Hazard was knowing, intentional malicious, and conspired in deliberate indifference to the rights of plaintiff Lewis.

Therefore, plaintiff is entitled to punitive damages against defendant Hazard.

17.

UNDER 42 U.S.C. §1983, 1985(3) AND 1986 AGAINST SERGEANT MARK HAZARD IN HIS PRIVATE AND OFFICIAL CAPACITY FOR CONSPIRACY FOR VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS (ARREST WITHOUT PROBABLE CAUSE)

17.8.

At all times material herein, Mark Hazard was the shift sergeant of the West Precinct Seattle Police Department.

Defendant Hazard conspired to allow Seattle Police officers assigned to the West Precinct to commit wrongful arrest without probable cause, by failing to adequately screen police officer candidate during the hiring process, or to adequately train, supervise, or discipline police officers under his shift command, including defendants Tietjen, Lee and Zieger.

Defendant Hazard failed to adequately review the Seattle Police Department operating procedures, instructions and training to establish the circumstances under which it is legal for police to conduct arrest. Defendant Hazard tolerance of the aforementioned conduct was a proximate cause of the violation of plaintiff's constitutional rights.

17.9.

At all times material herein, defendant Hazard, acting under color of state law had a duty to ensure his officers refrain from depriving persons of their constitutional rights. had a duty to ensure his officers under his shift command refrain from depriving plaintiff Anthony E. Lewis of his constitutional rights. Defendant Hazard is further responsible by law for enforcing the regulations of the City of Seattle and for ensuring that the City of Seattle police officers

38

Obey the laws of the State of Washington and the laws of the United States.

180,

Defendant Hazard breached the aforementioned duties by allowing his officers, Tietjen, Lee and Zieger, to violate Mr. Lewis Fourth and Fourteenth Amendment rights by illegally arresting him, because defendant Hazard failed to adequately screen police officer candidates during the hiring process, or to adequately train, supervise or discipline officers under his shift command, including defendant officers Tietjen, Lee and Zieger.

181.

Plaintiff Lewis claims damages for the injuries set forth above under 42 U.S.C. § 1983, 1985 (3) and 1986 against defendant Hazard for violation of his constitutional rights under color of law.

182.

The conduct of defendant Hazard was knowing, intentional, malicious and conspired and in deliberate indifference to the rights of plaintiff Lewis. Therefore, plaintiff is entitled to punitive damages against defendant Hazard.

183,

UNDER 42 U.S.C § 1985 (3) AND 1986 AGAINST SERGEANT MARK HAZARD IN HIS PRIVATE AND/OR OFFICIAL CAPACITY FOR VIOLATION OF PLAINTIFF'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS (COMPULSORY PROCESS)

39

184.

At all times material herein; Mark Hazard was the shift sergeant of the West Precinct Seattle Police Department.

Defendant Hazard conspired to allow Seattle Police officers assigned to the West Precinct to commit wrongful compulsory process, by failing to adequately screen police officer candidate during the hiring process process; or to adequately train, supervise or discipline police officers under his shift command including defendants Tietjen, Lee, Zieger, Mooney and Zwascka.

185.

Defendant Hazard failed to adequately review the Seattle Police Department operating procedures, instructions and training to establish the circumstances under which it is a general under section 2.001 a supervisor shall be notified and the incident reviewed and reported whenever an officer (on duty or off-duty) arrest or detains a person and such arrest or detention involves; documenting plaintiff's cousin Lonnie Lee McClure; as a suspect or WITNESS, arrested with plaintiff for the same of YUESA; and unlawfully released Mr. McClure from the West Precinct under an active warrant; and threat not to show up for court on behalf of plaintiff, concerning the conduct of police officers or public officials.

186.

Defendant Hazard's tolerance of the aforementioned conduct was a proximate cause of the violation of plaintiff's constitutional rights.

187.

At all times material herein, defendant Hazard, acting under color of state law had a duty to ensure his officers refrain from depriving persons of their constitutional rights had a duty to ensure his shift command refrain from

depriving plaintiff Anthony E. Lewis of his constitutional rights. Defendant Hazard is further responsible by law for enforcing the regulations of the the city of Seattle and for ensuring that the city of Seattle police officers obey the lawfuls of the State of Washington and the laws of the United States.

### 188.

Defendant Hazard breached the aforementioned duties by allowing his officers, Tietjen, Lee, Zieger, Mooney and Zwascka to violate Mr. Lewis SIXTH AND FOURTEENTH AMENDMENT RIGHTS by conspiring not to document the illegal arrest, detention and unlawful release of Lonnie Lee McClure as a suspect or WITNESS in good faith in their incident reports to the King County Prosecuting Attorney's office as exculpatory evidence, because defendant Hazard failed to adequately screen police officer candidates during the hiring process, or to adequately train, supervise or discipline officers under his shift command, including defendant officers Tietjen, Lee, Zieger, Mooney and Zwascka.

### 189

Plaintiff Lewis claims damages for the injuries set forth above under 42 U.S.C. § 1983, 1985 (3) and 1986 against defendant Hazard for violation of his constitutional rights under color of law.

### 190.

The conduct of defendant Hazard was knowing intentional, malicious and conspired and in deliberate indifference to the rights of plaintiff Lewis. Therefore plaintiff is entitled to punitive damages against defendant Hazard.

191.

UNDER 42 U.S.C. §1983, 1985 (3) AND 1986 AGAINST
SERGEANT MARK HAZARD IN HIS PRIVATE AND OR AND OFFICIAL
CAPACITY FOR VIOLATION OF PLAINTIFF'S FIFTH, SIXTH, EIGHTH,
NINTH AND FOURTEENTH AMENDMENT RIGHTS (MALICIOUS PROSECUTION)

192.

At all times material herein, Mark Hazard was the
shift sergeant of the West Precinct Seattle Police Department to
Defendant Hazard conspired to allow Seattle Police officers
to violate the Fifth, Sixth, Eigth, Ninth, and Fourteenth Amendment rights
of persons exercising those rights, by failing to adequately supervise
police officer candidates during the hours of his shift command
from committing any acts of conspiracy by fraud, and perjury and
from becoming apart of that very same conspiracy himself while
acting under the color of state law, did owe a duty to plaintiff to
ensure his officers refrain from depriving persons' of
their constitutional rights and had a duty to ensure his
officers assigned to his shift command refrain from depriving
plaintiff Anthony E. Lewis of his constitutional rights.

193.

Defendant Hazard is further responsible by law
for enforcing the regulations of the City of Seattle and
for ensuring that City of Seattle Police officers obey the
laws of the State Of Washington and the laws of the United States.

194.

Defendant Hazard breached the aforementioned duties
by allowing himself and others Tietjen, Lee and Zieger to intentionally conspire to file
incident reports without including evidence of having arrested and
unlawfully released plaintiff's cousin Lonnie Lee McClure as a suspect
or WITNESS booked into the West Precinct holding cell #3 for the crime
of VUCSA along with plaintiff on March 10, 2005.

195.

The conduct of defendant Hazard was knowing, intentional, malicious and conspired and in deliberate indifference to the rights of plaintiff Lewis. Therefore, plaintiff is entitled to punitive damages against defendant Hazard.

196.

CONSPIRACY INFLICTION OF EMOTIONAL DISTRESS AGAINST PRIVATE   DEFENDANT SERGEANT HAZARD

197.

The conspiracy to interfer with civil rights, obstructing justice intimidating witness, along with officers Tietjen, Lee, Zieger, Mooney and Zwascka, by depriving persons of rights or privileges as aforementioned throughout this complaint. caused plaintiff Lewis to suffer emotional distress; and humiliation and physical pain.

198

As a direct and proximate result of this conspired infliction of emotional distress, Mr. Lewis has incurred damages and will continue to incur substantial damages in an amount to be established at trial.

199.

UNDER 42 U.S.C.S 1983, 1982, 1985, 1985(3) AND 1986 AGAINST CAPTAIN NEIL LOW IN HIS PRIVATE. AND OFFICIAL CAPACITY FOR CONSPIRACY FOR VIOLATION OF PLAINTIFF'S FIRST, FOURTEENTH AMENDMENT RIGHTS (FAILURE TO ENFORCE EXCEPTION: PUBLIC DUTY DOCTRINE)

200.

At all times material herein Neil Low was a Captain and commander of the seattle Police Department Office of Professional Accountability Investigation Section.

201.

Defendant Low, conspired with the Seattle police department to render deliberate indifference to Mr. Lewis complaint alleging clearly-established constitutional rights violations invoking his right to petition the government for a redress of grievances, unreasonable searches and seizures, excessive use of force, false arrest, conspiracy to undermine department policy to document arrest and release of suspect or WITNESSES, witness intimidation of Mr. McClure, malicious prosecution, and false testimony by failing to adequately screen police officer candidates during the Seattle Police office of Professional Accountability investigation section process, under his report and recommendation command, including defendant's Tietjen, Lee, Zieger, Hazard, Mooney and Zwaschka. Defendant Low conspired not to adequately review the Seattle Police Department operating procedures, instructions and training to establish the circumstances under which it is legal to hold Seattle police officers accountable for conspiracies to undermine department policies while conducting internal investigation of complaints made against Seattle Police Officers.

Defendant Low's tolerance of the aforementioned conduct was a proximate cause of the violation of plaintiff's constitutional rights.

202.

At all times material herein, Defendant Low, acting under color of state law, had a duty to ensure his careful review and consideration of his proposed disposition on October 31, 2006 refrained from conspiring from depriving persons of their constitutional rights and had a duty to ensure his careful review and consideration, proposed disposition on October 31, 2006, against named officers under investigation refrained from depriving plaintiff Anthony G. Lewis of his constitutional rights. Defendant Low is further responsible by law for enforcing the regulations of the City of Seattle office of Professional Accountability investigation

44

Section conduct a fair and impartial disciplinary process and for ensuring that city of Seattle police officers involved in conspiracy be held accountable for undermining department policy and obey the laws of the state of Washington and the laws of the United States.

203.

Defendant Low breached the aforementioned duties by rendering deliberate indifference allowing officers Tietjen and Lee be held liable for violating plaintiff's First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendment rights because evidence revealed Officers Tietjen and Lee failed to document McClure's arrest and release. While failing to adequately screen police officer candidates Zieger, Sgt Hazard, Mooney and Zwaschka's, receive the same discipline for undermining department policy failing to document in their police reports Mr. McClures unlawful arrest, detention booking and unlawful release with an active warrant, and threat not to show up for court to testify on behalf of Mr. Lewis once released from the West Precinct holding cell #3.

204.

Once it was discovered through his investigation the West Precinct log sheet showed that subject Lewis and Lonnie McClure were logged in at the same time, 0312 hours for NVUCSA, to officers Lee. McClure was I and R'd at 0346 hours by an unidentified person. And that evidence also showed on the West Precinct log sheet that defendant sergeant Mark Hazard's ("MH") signature initials screened both Mr. Lewis and Mr. McClures arrest and separate released but failed to include Mr. McClures witness statement sorrounding his unlawful arrest as a suspect of WITNESS and involvement along with Mr. Lewis arrest for the purpose of exculpatory evidence of compulsory process in good faith initiated to the King county

45

prosecuting Attorney's office, involving this case for trial.

205.

Defendant Low owed a direct duty to plaintiff to adequately review Officers Tietyen, Lee, Ziegler and Hazard's police report's and trial testimony's failed to make any mention to document the arrest and release of Lonnie McClure when evidence of the West Precinct Log Sheets clearly showed Anthony Lewis and Lonnie McClure; both arrested for the same crime of Vucsa, under bookmy of officer Lee at 0312 hours and clearly revealed Sgt. Mark Hazards (MH) initials having screened both arrest and releases of Anthony Lewis and Lonnie McClure but failed to mention Lonnie McClure in any documention. Defendant Low conspired not to owe plaintiff a duty of care as an African American citizen with privileges and immunities in the same term guaranteed to white citizens in the city of seattle, for King county, Washington.

206.

Defendant Low, rendered deliberate indifference not to hold defendant Officers Tietyen, Lee, Ziegler, Hazard, Mooney and Zwaschke, accountable for conspiracy to obstruct justice, and intimidate a witness because of his special relationship duty owed directly to plaintiff as an African American citizen

207.

Defendant Low, continued to render deliberate indifference to owe plaintiff a duty of care to conclude a conspiracy of the officers involved based on his careful review and consideration on the following facts: Complainant Lewis states he was arrested on 3/10/05 for Vucsa. He claims the officers lacked probable cause and unnecessarily used force while doing so.

Lewis said he was with his cousin, Lonnie McClure,

who was also arrested. There is no documention indicating a second arrest. Lewis alleges that officer Lee perjured himself when he testified at trial that he did not use force while arresting him. Lewis said that McClure just stood there watching, and he also was taken to the precinct. McClure was not mentioned in the officers reports or statements as a suspect or WITNESS. Lewis said that the officers threatened McClure, telling him not show up for court.

 The West precinct log sheet show that subject Lewis and Lonnie McClure were logged in at the same time, 0312 hours, for VUCSA, to Officers Lee. McClure was I and R'd at 0346 hours by an unidentified person.

 Officer Lee claims to have no memory of this arrest, even though it is his handwriting that logs both Anthony Lewis and Lonnie McClure into the West Precinct holding cells.

 His lack of attention to detail undermines the credibility of the other officers, as well as his own. Officers are paid to record and recall details.

 Officers Lee and Tietjen also did not help their cause in that they did not document the arrest and detention of Lonnie McClure and clearly they did not screen his arrest, detention, and release with Sgt. Hazard. This seriously undermines their credibility.

 This case gets worse when evidence shows that officer Lee went on to testify in a criminal hearing that he did not use force when arresting Mr. Lewis. It was the next morning, after he had a chance to review his notes at the station, that officer Lee called the prosecutor and told her he had testified in error.

It's admirable that he corrected the mistake which may have gone unchallenged, but his duty was to have prepared himself truthfully and accurately the first time. His lack of preparation and willingness to testify positively to facts he was unsure of undermine the credibility of the department.

[Although it is likely Mr. Lewis was involved in activity that drew the officers attention to him, entitling them to make a lawful Terry Stop and Frisk, the factual errors in their documentation prevent me from making that conclusion. I recommend a finding of NOT SUSTAINED for the initial stop, which resulted in their necessarily using force]. As far as following arrest procedures, evidence supports that officers Lee and Tietjen failed to screen the arrest of Lonnie McClure and document it. I recommend a finding of SUSTAINED. There is no evidence that officer Lee testified untruthfully, and so I recommend a finding of UNFOUNDED. There is evidence, however, that officer Lee made a factual error during his testimony.

This appears to be more a problem of careless preparation and a lack of attention to detail, than it was a case of deliberate dishonesty. This is a training issue, and I recommend a finding of SUPERVISORY INTERVENTION.

208.

Defendant Low's tolerance of the aforementioned conduct was a proximate cause of the violation of plaintiff's constitutional rights.

209.

Plaintiff Lewis claims damages for the injuries set forth above under 42 U.S.C. § 1981, 1982, 1983, 1985 (3) and 1986 against defendant Low for violation of his constitutional rights under color of law.

210.

The conduct of defendant Low was knowing, intentional, malicious and conspired and in deliberate indifference to the rights of plaintiff Lewis. Therefore, plaintiff is entitled to punitive damages against defendant Low.

211.

(UNDER 42 U.S.C. § 1981, 1982, 1983, 1985 (3) AND 1986 AGAINST DIRECTOR SAM PAILCA IN HIS PRIVATE AND OFFICIAL CAPACITY FOR CONSPIRACY FOR VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS (FAILURE TO ENFORCE EXCEPTION, PUBLIC DUTY DOCTRINE)

212.

At all times material herein, Sam Pailca was the Director of Office of Professional Accountability and owed a duty directly to plaintiff. Defendant Pailca tolerated the actions and inaction of the officers violating plaintiff's First, Fourth, Fifth, Sixth, Eighth, Ninth and 14th Amendment rights and conspired to undermine those rights by conspiring with the Seattle Police Department not to adequately screen police officer candidates for liability during his certification of completion for the Office of Professional Accountability Disposition dated February 9, 2007, concerning the completion of the investigation and disciplinary process, involving defendants Tietjen, Lee, Zieger, Hazard, Mooney and Zwaska. Defendant Pailca failed to adequately review the Seattle Police Department operating procedures, instructions and training to establish

44

the circumstances under which persons have a First Amendment right to petition the government against a redress of grievances or otherwise gather fair and impair fact finding evidence of liability on behalf of the Seattle Police Department, in reference concerning the City of Seattle's Claims Division investigation and assessment in resolution of Mr. Lewis claims for damages filed under claims #c-76855 and c-771 22, in order for Mr. Lewis to receive just compensation for suffering his personal injuries.

213.

Defendant Pailca's tolerance of the aforementioned conduct was a proximate cause of the violation of plaintiff's constitutional rights and deprivations

214.

At all times material herein, Defendant Pailca acting under color of state law, had a duty to ensure his Certification refrained from depriving persons of their constitutional rights and had a duty to ensure his certification refrained from depriving plaintiff Anthony E. Lewis of accurate liability fact and conclusions. 215. Defendant Pailca is further responsible by law for enforcing the regulations of the City of Seattle's Office of Professional Accountability and for ensuring that City of Seattle Police officers be held accountable for disobeying the laws of the state of Washington and the laws of the United States

215.

Defendant Director Pailca breached the aforementioned duties owed to plaintiff by allowing his certification to become conspired to minimize Officers Tietjen, Lee, Zieger, Hazard, Mooney and zWascka liability because Director Pailca failed to adequately hold police officers accountable under his command as director, including Tietjen, Lee, Zieger, Hazard Mooney and zWascka.

216.

Plaintiff Lewis claims damages for the injuries set forth above under 42 U.S.C. § 1981, 1982, 1983, 1985(3) AND 1986 against defendant Pailca for violation of his constitutional rights under color of law

217.

The conduct of defendant Pailca was knowing, intentional, malicious and conspired and in deliberate indifference to the rights of plaintiff Lewis. Therefore, plaintiff is entitled to punitive damages against defendant Pailca.

218.

UNDER 42 U.S.C. § 1981, 1982, 1983, 1985(3) AND 1986 AGAINST CHIEF GIL KERLIKOWSKE IN HIS PRIVATE AND OFFICIAL CAPACITY FOR CONSPIRACY FOR VIOLATION OF PLAINTIFFS 1, 8TH, 9TH AND 14TH AMENDMENT RIGHTS
(FAILURE TO ENFORCE EXCEPTION PUBLIC DUTY DOCTRINE)

219.

At all times material herein, GIL Kerlikowske was the chief of the Seattle Police Department. Defendant Kerlikowske conspired to render deliberate indifference with the office of Professional Accountability to violate owing a duty directly to plaintiff rights as a person exercising those rights, by conspiring not to adequately screen police officer candidates during the office of Proffessional Accountability Investigation process, or to adequately supervise or discipline police officers under his command, including defendants Tietjen, Lee, Zieger, Hazard, Mooney and Zwascka. Defendant Kerlikowske conspired not to adequately review the Seattle police Department operating procedures, instructions and training to establish the circumstances under which persons have a First Amendment right to petition the government against a redress of grievances by Mr. Lewis filing a formal complaint with the Seattle Police Department and office of Professional Accountability, or otherwise gather information concerning the conduct of police officers or public officials in which

the chief retained final authority to render discipline.
Defendant Kerlikowske's tolerance of the [220]
aforementioned conduct was a proximate cause of the
violation of plaintiff's constitutional rights.

221.

At all times material herein, Defendant Kerlikowske,
acting under color of state law, had a duty to ensure
his officers refrain from conspiring to deprive persons of
their constitutional right and had a duty to ensure his
officers be held accountable for conspiring to deprive
plaintiff Anthony E. Lewis of his constitutional rights.
Defendant Kerlikowske is further responsible [222]
by law for enforcing the regulations of the City of Seattle
Office of Professional Accountable Investigations are not
conducted impartially or conspired from the truth of facts
exposed while under investigation and for ensuring that City
of Seattle police officers conspiring to undermine department
policies are held accountable to receive disciplinary actions
for disobeying the laws of the state of Washington and
the laws of the United States.

223.

Defendant chief Kerlikowske breached the aforementioned
duties owed to plaintiff and through special relationship
with the city of Seattle to refrain by not tolerating his officers
Tietjen, Lee, Zieger, Hazard, Mooney and Zwaseka's conspiracy
abridging plaintiff's rights and conspired minimizing to screen
police officer candidates during the Office of Professional
Accountability process investigation or conspired in part as
chief of police and final authority to render discipline to
police officers Zieger, Hazard, Mooney and Zwaseka for their conspiracy to
undermine the same department policies as police officers Tietjen,

52

and Lee received under his command and deprived plaintiff as an African American with the same privileges and immunities in the same term as white citizens in the city of Seattle, for King County, Washington.

224

Plaintiff Lewis claims damages for injuries set forth under 42 U.S.C.s 1981, 1982, 1983, 1985 (3) AND 1986 against defendant Kerlikowske for violation of his constitional rights under color of law.

225.

The conduct of defendant Kerlikowske was knowing intentional, malicious, conspired and in deliberate indefference to the rights of plaintiff Lewis. Therefore, plaintiff is entitled to punitive damages against defendant Kerlikowske.

226.

UNDER 42 U.S.C. § 1981, 1982, 1983, 1985 (3) AND 1986 GIL KERLIKOWSKE IN HIS PRIVATE AND OFFICIAL CAPACITY FOR CONSPIRACY FOR VIOLATION OF PLAINTIFF'S FIRST AND FOURTEENTH AMENDMENT RIGHTS ( FAILURE TO ENFORCE EXCEPTION TO PUBLIC DUTY DOCTRINE)

227.

At all times material herein, GIL Kerlikowske was the chief of the Seattle Police Depart. Defendant Kerlikowske in his final authority to discipline officers    conspired in a meeting of minds with the City of Seattle as his employer, rendered intentional deliberate indifference to deprive plaintiff of equal protection, privileges and immunities, or to obstruct course of justice, that defendant Kerlikowske acted under color of state law and authority in the furtherance of conspiracy by failing to hold the Seattle Police Department accountable for it's failure to, adequately screen, police officer candidates during the hiring process or to adequately train, supervise, or discipline officers under his command, regarding final certification and proposed disposition of the office of Professional Accountability Investigation

did not have any right to stop them, and harass them based on their African American heritage. In order for the arresting officers to use excessive for against Mr. Lewis to silence Plaintiff from further protesting against their unlawful arrest.

121.

Plaintiff Lewis claims damages for the injuries set forth above under 42 U.S.C. § 1983, 1985(3) and 1986 against defendants: officers Tietjen, Lee and Zieger for violation of his constitutional right under color of law.

122.

The conduct of the defendants was knowing intentional, malicious and conspired by reason of which plaintiff is entitled to punitive damages.

123.

UNDER 42 U.S.C § 1981, 1982, 1983, 1985 (3) AND 1986 AGAINST OFFICERS TIETJEN LEE, AND ZIEGER IN THEIR PRIVATE AND OR OFFICIAL CAPACITIES FOR CONSPIRACY FOR VIOLATION OF PLAINTIFF'S 4th, 8th, 9th and 14th AMENDMENT RIGHTS (ARREST AND IMPRISONMENT WITHOUT PROBABLE CAUSE)

124.

Defendants Tietjen, Lee and Zieger breached the aforementioned duty to refrain from depriving plaintiffs of their Constitutional rights by conspiring to illegally arrest and imprison Mr. Lewis and Mr. McClure without probable cause in conspiracy that they had committed a crime, which constituted a violation of plaintiff's clearly-established rights under the 4th, 8th, 9th, and Fourteenth Amendments to the Constitution of the United States, forbidding unlawful and unreasonable seizure against a particular class based discrimination without lawful restraint as an african American citizen with the same privileges and immunities in the same terms as white citizens, in the city of Seattle, for king county, Washington.

125.

Plaintiff's claims for damages for the injuries are

24

of allegations of unlawful racial profiling, bias policy, fraud and perjury, conspiracy and unlawful search and seizure, excessive use of force, deliberate indifference to immediate medical attention, selective and malicious prosecution, and witness tampering, against Seattle police officers Tietjen, Lee, Zieger and Hazard based on the Seattle Police Captain Neil Low's proposed disposition dated October 31, 2006.

### 228.

At all all times material herein, defendant Kerlikowske acting under color of state, had a duty to ensure his final authority to render discipline refrained from depriving the city of Seattle's claim division section from receiving inadequate police reports in determining liability on behalf of the City of Seattle's, Seattle Police Department, in order to formally provide resolution to Mr. Lewis claims for damages under claims # C-76855 and C-77122.

### 229.

Plaintiff Lewis claims damages for the injuries set forth above under 42 U.S.C. § 1985 (2)(3) and 1986 against defendant Kerlikowske for violation of his constitutional rights under color of law.

### 230.

The conduct of defendant Kerlikowske was knowing, intentional, malicious and conspiring and in deliberate indifference to the rights of plaintiff Lewis. Therefore, plaintiff is entitled to punitive damages against defendant Kerlikowske.

### 231.

UNDER 42 U.S.C. § 1981, 1982, 1983, 1985(3) AND 1986 AGAINST THE CITY OF SEATTLE FOR CONSPIRACY FOR VIOLATION OF PLAINTIFF'S FIRST, 4TH, 5TH, 6TH, 8TH, 9TH, 10TH, AND 14TH AMENDMENT RIGHTS (FAILURE TO ENFORCE EXCEPTION TO PUBLIC DUTY DOCTRINE)

### 232.

Prior to March 10, 2005 the city of Seattle developed

and maintained public duty owed doctrine to individual citizens by and through defendants Kerlikowsky, Nickles, Pasteau, Treated, Sandra Ki, in their private and official capacity as a policymaker, and conspired deliberate indifference to the constitutional rights of persons in Seattle which caused the violation of plaintiff Lewis rights to petition the government against a redress of grievances.

233.

At the time of the incident involving plaintiff Lewis it is believed that it was the public duty doctrine owed directly to plaintiff the city of Seattle in conspiracy with the Chief of police Kerlikowske violated in order to obstruct justice by not adequately screening police officer candidates engaged in police conspiracy misconduct that would render the City of Seattle held liable in special relationship with it's Seattle Police Department's office of Professional Accountability Investigation Section. 234. The City and named defendants conspired not to require incriminating proposed dispositions involving clear and convincing evidence of it's Seattle Police Officers who were known to have engaged in police conspiracy misconduct held accountable in their most serious complaints, offered into record as evidence to be used in favor of plaintiff making his complaint against it's police officer by petitioning the government, for the City of Seattle's claims for damages section to provide resolution by just compensation against personal injuries.

235.

As a result of the above described conspiracy to deprive a special relationship duty owed directly to plaintiff by and through the city of Seattle, it believed that it's own actions or inactions would not be properly monitored or recorded by supervisory officers and that the defendant officers conspired misconduct would not be investigated or sanctioned but would be tolerated.

55

236.

As a result of the above described violation of public duty doctrine the Chief of Police of the City of Seattle, and officers Tietjen, Lee, Zieger, Hazard, Mooney and Zwaseka, believed that their actions or inactions would not be properly monitored by policymakers of the City of Seattle and that their conspired misconduct would not be investigated or sanctioned but would be minimized by the office of Professional Accountability and tolerated, by and through the policymakers of the City of Seattle.

237.

The above described policies, practices and customs of the City of Seattle demonstrated a conspiracy of deliberate indifference on the part of policymakers of the City of Seattle to the constitutional rights of persons within the City and were a cause of violation of plaintiff's First, 4th, 5th, 6th, 8th, 9th, 10th And 14th amendment rights herein.

238.

Plaintiff Lewis claims damages for the injuries set forth above under 42 U.S.C. § 1981, 1982, 1983, 1985 (3) And 1986 against City of Seattle for violation of his constitutional rights under color of law.

239.

UNDER 42 U.S.C. § 1981, 1982, 1983, 1985 (3) AND 1986 AGAINST THE CITY OF SEATTLE FOR CONSPIRACY FOR VIOLATION OF PLAINTIFF'S FIRST AND 14TH AMENDMENT RIGHTS (FAILURE TO ENFORCE EXCEPTION TO PUBLIC DUTY DOCTRINE)

240.

Prior to March 10, 2005 the City of Seattle developed and maintained a public duty doctrine, by and through defendant Director of Office of Professional Accountability Sam Pailca, in his capacity as a policymaker, and conspired deliberate indifference to the constitutional rights of persons in Seattle which caused the violation of plaintiff Lewis' rights to petition the government against a redress of grievances

241

At the time of the incident involving plaintiff Lewis
it is believed that it was the policy, practice or custom of the
City of Seattle in conspiracy with the Director of Office of
Professional Accountability Sam Pailca, to obstruct justice by
not adequately screening police officer candidates engaged in
police conspiracy misconduct that would render the City of Seattle
held liable under special relationship with it's Seattle Police
Department and Office of Proffesional Accountability Investigation
Section. The city conspired not to require incriminating proposed
dispositions involving clear and convincing evidence of it's Seattle
Police Officers who were known to have engaged in police
conspiracy misconduct held accountable in their most serious
complaints offered into record as evidence to be used in favor of
citizen's making complaints against it's police officers by petitioning
the government against a redress of grievances, for the city of
seattle's claims for damages section to provide resolution by
just compensation against personal injuries.

242

Plaintiff; Lewis claims damages for the injuries
Set forth above under 42 U.S.C. §1981, 1982, 1983, 1985 (3) and
1986 against City of Seattle for violations of his
Constitutional rights under color of law.

243

UNDER 42 USC §1981, 1982, 1983, 1985 (3) AND 1986 AGAINST SERGEANT
WILLIAM J. EDWARDS JR. FOR CONSPIRACY FOR VIOLATION OF
PLAINTIFF'S FIRST AND FOURTEENTH AMENDMENT RIGHTS (FAILURE TO ENFORCE
EXCEPTION TO PUBLIC DUTY DOCTRINE)   244

Defendant Seattle Police Department Sergeant
William J. Edwards in his private and official capacity
acting under the color of state law, did violate plaintiffs
1ST, 5th, 8th, 9th, and 14th Amendment rights.

57

245.

Did conspire his report and recommendation involving the Seattle Police Department Investigation summary report for purpose of depriving, either directly or indirectly plaintiff of equal protection of the laws or equal priviledges and immunities under the laws by deliberate indifference to evidence discovered through the investigation in order to hold officers Zieger Hazard, Mooney and Zwaschka liable for discipline along with officers Tietjen and Lee for failure to document the arrest and release of plaintiff's cousin as either a suspect or WITNESS to the King County Prosecuting attorney's office was a conspiracy. In dtore furtherance of object of another conspiracy to prevent Mr. Lewis, from exercising any right, or preventing him from exercising a right or priviledge and immunities guaranteed him as an African American citizen, in the same team as white citizens in the City of Seattle, for King County, Washington. 246. The conduct of defendant Sgt. Edwards was knowing, intentional, malicious, and conspired in deliberate indifference to the rights of plaintiff Lewis. Therefore plaintiff is entitled to punitive damages against defendant Edwards.

247.

UNDER 42 D.S.C. § 1981, 1982, 1983, 1985 (3) AND 1986 AGAINST LIEUTENANT MICHEAL T. KEBBA FOR CONSPIRACY FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS (FAILURE TO ENFORCE EXCEPTION TO PUBLIC DUTY DOCTRINE)

248.

Defendant Seattle Police Department Lieutenant Micheal T. Kebba in his private and official capacity acting under the color of state law, did violate plaintiff's 1st 5th, 8th, 9th, and 14th Amendment rights.

Did conspire his report and recommendation involving the Seattle Police Department Investigation summary report for purpose of depriving, either directly or indirectly plaintiff of equal protection of the law or equal priviledges and

immunities under the laws by providing plaintiff with a formal letter of ensurance that he would receive an investigation and after formally meeting with plaintiff at the precinct defendant Kebba personally gave his ensurance the plaintiff would receive a fair and impartial investigation regarding the facts of his claim and in disregard to the evidence through the investigation failed to hold officers Zieger, Hazard, Mooney and Zwaschka liable for discipline along with officers Tietjen and Lee for failure to document the arrest and release of plaintiffs cousin as either a suspect or WITNESS to the King County Prosecuting Attorney's office was a conspiracy. In the furtherance of object of another conspiracy to prevent Mr. Lewis, from exercising any right or preventing him from exercising a right or privilege and immunities as an African American citizen in the same term as white citizens, in the city of Seattle, for King County. 250. The conduct of defendant Kebba was knowing, intentional, malicious, and conspired indeliberate indifference to the rights of plaintiff Lewis. Therefore plaintiff is entitled to punitive damages against defendant Kebba.

251.

UNDER 42 U.SC. 8' 1981; 1982; 1983; 1985 (3) AND 1986 AGAINST CITY OF SEATTLE'S OFFICE OF PROFESSIONAL ACCOUNTABILITY REVIEW BOARD SANDRA K FOR CONSPIRACY FOR VIOLATION OF PLAINTIFFS CONSTITUTIONAL RIGHTS (FAILURE TO ENFORCE EXCEPTION TO PUBLIC DUTY DOCTRINE

252.

Defendant Office of Proffessional Accountability Review Board Sandra K, in her private and official capacity acting under the color of state law, did violate plaintiffs 1st, 5th, 8th, 9th and 14th Amendment rights.

253.

Did conspire her report and recommendation involving the Seattle Police Department Investigation Summary report for purpose of depriving, either directly or indirectly plaintiff of equal protection of the law or equal privileges and immunities under the law by deliberate indifference to evidence discovered through the investigation in order to hold officers Zieger, Hazard, Mooney and Zwaschka liable for discipline along with officers Tietjen and Lee for

failure to document the arrest and release of plaintiff cousin as either a suspect or WITNESS to the King County Prosecuting Attorney office was a conspiracy. In the furtherance of object of another conspiracy to prevent Mr. Lewis from exercising any right or preventing him from exercising a right or privilege and immunities as an African American citizen in the same term as white citizens, in the city of Seattle, for King County 254. The conduct of defendant Sandra K. was knowing, intentional, malicious, and conspired in deliberate indifference to the rights of plaintiff Lewis. Therefore plaintiff is entitled to punitive damages against defendant Sundra R.

255.

UNDER 42 U.S.C. § 1981, 1982/1983, 1985 (3) AND 1986 AGAINST 1986 AGAINST CAPTAIN STEVE BROWN FOR CONSPIRACY FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS (FAILURE TO ENFORCE EXCEPTION TO THE PUBLIC DUTY DOCTRINE)

256.

Defendant Seattle Police Department Captain Steve Brown in his private and official capacity acting under the color of state law, did violate plaintiff's 1st, 5th, 8th, 9th, and 14th Amendment rights.

257.

Did conspire his report and recommendation involving the Seattle Police Department Investigation Summary report for purpose of depriving, either directly or indirectly plaintiff of equal protection of the law or equal privileges and immunities under the law by deliberate indifference to evidence discovered through the investigation in order to hold officers Zieger, Hazard, Mooney and Zwaschka liable for discipline along with officers Tietjen and Lee for for failure to document the arrest and release of plaintiff cousin as either a suspect or WITNESS to the King County Prosecuting Attorney's office was a conspiracy. In the further of object of another conspiracy to prevent Mr. Lewis from exercising any right or preventing him

from exercising a right or privilege and immunities as an African American citizen is the same term as white citizens in the city of Seattle, forking County, Washington, 258. The conduct of defendant Brown was knowing, intentional malicious and conspired indeliberate indifference to the rights of plaintiff Lewis;
Therefore plaintiff is entitled to punitive damages against defendant Brown.

258.

UNDER 42 U.S.C. 1981, 1982, 1983, 1985 (3) AND 1986 AGAINST PRESIDENT NICK LICATA FOR CONSPIRACY FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS (FAILURE TO ENFORCE EXCEPTION TO PUBLIC DUTY DOCTRINE)

259.

Defendant City Council President Nick Licata in his private and official capacity acting under the color of state law, did violate plaintiff's 1st, 5th, 8th, 9th, and 14th Amendment rights.

260.

Did conspire his report and recommendation involving the Seattle Police Department Investigation summary report for purpose of depriving either directly or indirectly plaintiff of equal protection of the law or equal privileges and immunities under the law by deliberate indifference to evidence discovered through the investigation in order to hold officers Zieger, Hazard, Mooney and Zwaschka liable for discipline along with officers Tietjen and Lee for failure to document the arrest and release of plaintiff's cousin as either a suspect or WITNESS to the King County Prosecuting Attorney Office was a conspiracy. In the furtherance of object of another conspiracy to prevent Mr. Lewis from exercising any right or preventing him from exercising a right or privilege and immunities as an African American citizen in the same term as white citizens in the city of Seattle, for King County, Washington.

261.

The conduct of defendant Licata was knowing, intentional, malicious and conspired in deliberate indifference to the rights of plaintiff Lewis.
Therefore, plaintiff is entitled to punitive damages against defendant Licata.

262.

UNDER 42 U.S.C. 1981, 1982, 1983, 1985, (3) AND 1986 AGAINST MAYOR GREG NICKELS FOR CONSPIRACY FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS (FAILURE TO ENFORCE EXCEPTION TO PUBLIC DUTY DOCTRINE)
263.

Defendant City of Seattle's Mayor Greg Nickels in his private and official capacity acting under the color of state law, did violate plaintiff's 1st, 5th, 8th, 9th and 14th Amendment rights.

264.

Did conspire with the Seattle Police Department's Chief of Police, Office of Professional Accountability and Seattle's City Council's reports and recommendations involving the Seattle Police Department Investigation Summary report for purpose of depriving, either directly or indirectly plaintiff of equal protection of the law or equal privileges and immunities under the law by deliberate indifference to evidence discovered through the investigation in order to hold officers Zieger, Hazard, Mooney and Zwaschka liable for discipline along with officers Tietjen and Lee for failure to document the arrest and release of plaintiff's cousin as either a suspect or WITNESS to the King County Prosecuting Attorney Office was a conspiracy. In the furtherance of object of another conspiracy to prevent Mr. Lewis from exercising any right or preventing him from exercising a right or privileges and immunities as an African American citizen in the same term as white citizens in the city of Seattle, for King County, Washington. 265. The conduct of defendant Nickels was knowing, intentional, malicious and conspired in deliberate indifference to the rights of plaintiff Lewis. Therefore, plaintiff is entitled to punitive damages against defendant Nickels.

266.

UNDER 42 U.S.C. § 1981, 1982, 1983, 1985 (3) AND 1986
AGAINST THE CITY OF SEATTLE FOR CONSPIRACY, FOR VIOLATION OF PLAINTIFFS
FIRST AND FOURTEENTH AMENDMENT RIGHTS ( FAILURE TO ENFORCE EXCEPTION TO
PUBLIC DUTY DOCTRINE)

267.

Defendant the City of Seattle, a municipal corporation in it's individual and official capacity acting under color of state law did violate plaintiff's 1st, 5th, 8th, 9th, and 14th Amendment rights. The City of Seattle is responsible for it's policy, practice or customs, by and through defendant's Mayor Greg Nickels, President of City council Nick Licata, Chief of Police Gil Kerlikowske, Seattle Police Captain Neil Low, Seattle Police Sergeant William J. Edward Jr, Seattle Police Lieutenant Micheal T. Kebba, Seattle Police Sergeant Steve Brown, Seattle Police Dept. Office of Professional Accountability, and it's Director Sam Pailca, Review Board person of Office of Professional Accountability Sandra K, Seattle Police Sergeant Mark Hazard, Seattle Police Officers Micheal Tietjen, James Lee, Kerry Zieger, Thomas Mooney, Andrew ZWaschka and Department of Executive Administration claims Manager Dee Quigyle, in their private and official capacities, exhibiting deliberate indifference to the constitutional rights of persons in Seattle, which caused the violation of plaintiff Lewis' rights.

268.

At the time of the incident involving plaintiff Lewis it is believed that it was a common policy, practice or custom of the City of Seattle to fail to ensure adequate screening of policy makers and police officer candidates during the hiring process, or adequate training, supervision, and discipline Seattle policymakers and seattle police officers.

269.

The City did not require appropriate in-service training or retraining of policymakers and officers who conspired to violate the aforementioned rights. The City did not require appropriate in-service training or retraining of policymakers and officers who were known to have conspired to engage in obstruction of justice and police misconduct.

270.

As a result of the above common described policies and customs, policymakers and police officers of the City of Seattle, including defendant policymakers and officers, believed that their conspired actions or inactions would not be properly monitored by supervisory officers and that the defendant policymakers and officers misconduct would not be investigated or sanctioned but would be tolerated

271

As a result of the above common described policies and customs of the City of Seattle, believed that it's actions or inactions would not be properly monitored by policymakers of State of Washington and laws of the United States of America and that defendant City of Seattle's conspiracy of misconduct would not be investigated or sanctioned but would be tolerated.

272

The above common described policies, practices, and customs of the City of Seattle demonstrated a deliberate indifference on the part of policymakers of the City of Seattle to the constitutional rights of persons within the City and were a cause of violation of plaintiff's First, Fifth, Eighth, Ninth and Fourteenth Amendment

rights, as alleged herein.

273

Plaintiff Lewis claims damages for the conspired injuries set forth above under 42 U.S.C. § 1981 and 1982, 1983, 1985 (3) and 1986 against the City of Seattle for violation of his constitutional rights under color of law.

274

UNDER 42 U.S.C. § 1981, 1982, 1983, 1985(3) AND 1986 AGAINST CLAIMS MANAGER DEE QUIGGLE FOR CONSPIRACY VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS

275

Defendant Dee Quiggle, a City of Seattle Claims Manager in her private and official capacity acting under color of state law did violate plaintiff's 1st, 5th, 8th, 9th, and 14th Amendment rights.

276.

Defendant Quiggle conspired through the developed and maintained policies or customs of the City of Seattle and it's claims division's practice as a claims manager and exhibited deliberate indifference from reading the Seattle Police Department report it appears a denial is appropriate.

For the purpose of depriving, either directly or indirectly plaintiff of equal protection of law or equal privileges and immunities under the law by further conspired deliberate indifference to evidence from report and recommendation of a proposed disposition investigation Seattle Police Department and Office of Professional Accountability investigation of Mr. Lewis complaint. In order to hold officers Zieger, Hazard, Mooney and Zwaschka liable for the same

65

discipline along with officers Tietjen and Lee received for
their deliberate indifference to document the unlawful
arrest and release of plaintiff's cousin as either a suspect
or WITNESS to the King County Prosecuting Attorney's
office was a conspiracy. Defendant Quiggle denial of
Mr. Lewis claims for damages was in conspiracy to deprive
Mr. Lewis from holding the city of Seattle liable for
evidence of Seattle Police misconduct of a conspiracy
to imped, hinder, obstruct, or defeat in any manner
the due course of justice, with intent to deny Mr. Lewis
the equal protection of the laws, or to injure him from
receiving a fair trial, by conspiracy to intimidate or threaten
his cousin Connie Lee McClure from attending Mr. Lewis' trial
as a witness against the police conspired false, misleading
statement of facts on March 10, 2005.

277.

At the time of the incident involving plaintiff
Lewis it is believed that it was a conspiracy to abnogate policy,
practice or custom of the Claims division's Manager to
fail to ensure adequate screening of Claims for damages
filed against the city or adequate screening of all related
documents and report relating as evidence of any finding
of minimal liability to be held accountable against the
City of Seattle by undermining owing a duty to plaintiff during the complaint
process, to deprive Mr. Lewis a right to receive a just compensation.

278.

As a result of the above common / described policies
and customs, policymakers of the city of Seattle, including

66

defendant Dee Quiggle; believed that her actions or actions would not be properly monitored by supervisory officers and that the defendant Quiggle's misconduct would not be investigated or sanctioned but would be tolerated, against plaintiff's rights to privileges and immunities as an African American citizen in the same term as white citizens, in the City of Seattle, for King County.

279.

Plaintiff Lewis claims damages for the injuries set for above under 42 U.S.C. S 1981, 1982, 1983, 1985 (3) and 1986 against defendant Claims Manager Quiggle for violation of his constitutional rights under color of law.

280.

The conduct of the defendant was knowing, intentional, malicious and conspired, by reason of which plaintiff is entitled to punitive damages

281.

CONSPIRED INFLICTION OF EMOTIONAL AND MENTAL DISTRESS AGAINST PRIVATE DEFENDANT POLICYMAKERS AND POLICE OFFICERS MAYOR NICKELS, PRESIDENT LICATA, DIRECTOR PAILCA, BOARD PERSON SANDRA K, CLAIMS MANAGER QUIGGLE, CHIEF KERLIKOWSKE, CAPTAIN LOW, CAPTAIN BROWN, SERGEANT EDWARDS, LIEUTENANT KEBBA, SERGEANT HAZARD, POLICE OFFICERS TIETJEN, LEE, ZIEGER, MOONEY, ZWASCHKA AND DETE SATHER and Seattle Police Department office of Professional accountability

282.

The planned action of a conspiracy to cover up fraud, perjury, false arrest and imprisonment, assault and battery and selective and malicious prosecution, Abuse of process and failure to document and intimidating a witness from testifying at trial by officers Tietjen, Lee, Zieger, Hazard, Mooney and Zwaschka; and including the conspiracy to obstruct justice of an impartial Seattle Police misconduct

investigation against defendant officers Tietjen, Lee, Zieger and Huzards, conspiracy to obstruct justice, failure to document and intimidating a witnesses by the Seattle Police Department office of Professional Accountability to discipline all officers involved in whole or impart and to have issued a true and accurate proposed disposition to the city of Seattle inregards to superior policymakers Nickels, Kerlikowske, Licata Pailca, Sandra k, Edwards, Kebba, Brown, Low, Quiggle and Suthers caused plaintiff Lewis to suffer emotional and mental distress, and humiliation and physical pain when he was denied any just compensation entitling him to privileges and immunities as an African American in the same form as white citizens in the city of Seattle, for King County, Washington.

As a direct and proximate result of this negligent infliction of emotional distress, Mr. Lewis has incurred damages and will continue to incur substantial damages in an amount to be established at trial.

## 283

The conduct of the defendants was knowing, intentional malicious and conspired by reason of which plaintiff is entitled to punitive damages.

## 284.

### CONSPIRED INFLICTION OF EMOTIONAL AND MENTAL DISTRESS AGAINST THE CITY OF SEATTLE (MUNICIPAL LIABILITY)

## 285.

At all times relevant to the conspiracy herein, the city of Seattle was the employer of Mayor Nickels, Det City Counsel President Licata, OPA Director Pailca and Board person sandra k, chief Kerlikowske, captain Low, captain Brown, Lieutenant Kebba, Sergeant Edwards, claims Manager Quiggle, and officers Tietjen, Lee, Zieger, Mooney, zwasch Kay and Det Sather seattle Police Department of Professional Accountability

and all defendant's were acting within the scope of city
employement. Defendant city of seattle is liable
for the conspiracy infliction of emotional and mental
distress by the named defendants under the special relationship
public duty doctorine. Because the course of incident happened to deprive
plaintiff of his constitutional rights over a cours of time and was not merely
one single incident

286.
    As a direct and proximate result of this
conspiracy infliction of emotional and mental distress,
Mr. Lewis has incurred damages and will continue
to incur substantial damages in an amount to be
established at trial.

287.
    UNDER 42 U.S.C. 3 1981, 1982, 1983, 1985(3) AND 1986
AGAINST SEATTLE POLICE DEPARTMENT OFFICE OF PROFESSIONAL
ACCOUNTABILITY FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS
(FAILURE TO ENFORCE EXCEPTION TO PUBLIC DUTY DOCTRINE)
288.
    Defendant Seattle Police Department's office of
Professional Accountability Investigation Section in its
PRIVATE and or official capacity acting under color of state
law did violate plaintiff's 1st, 5th, 8th, 9th, and 14th Amendment
rights. Defendant Seattle Police Department office of
Professional Accountability conspired through the developed
and maintained policies or customs of the city of Seattle
and Seattle Police Department office of Professional Accountability
Investigative Section's practice, exhibited deliberate indifferentce
to undermine holding officers accountable for having intentionally
conspired to obstruct justice, including defendant officers zieger
Hazard, Mooney and zwaschka, be held liable for the same discipline as
officers Tietjen and Lee, for conspiring not to document the unlawful

arrest and release of plaintiff's cousin Lonnie Lee McClure as a Suspect and WITNESS in good faith in their police reports or failed to document a police report detailing their involvement to the King County Prosecuting Attorney's office was for the purpose of a conspiracy to obstruct justice and abuse of process. 289. In the furtherance of object of conspiracy to: undermine further exposing other fellow officers involved in conspiring plaintiff's unlawful false arrest, imprisonment and excessive use of force and abuse of process by Officers Tietjen, Leg Zieger Hazard, Mooney and ZWaschka, unlawfully releasing Mr. McClure from the West Precinct holding cell #3, in light of an active warrant for his arrest, in exchange for his silence by threat and coercion. In regards to his freedom not to show up for court on behalf of plaintiff against any filing of criminal charges. 290. Defendant Seattle Police Department Office of Professional Accountability's ulterior motive further involved the unlawful act of conspiring to minimize liability related to the Seattle Police Department and it's officers involved from becoming evident before the City Council and the Mayor in order to deprive plaintiff from receiving any just compensation through or redress of his grievances filed with the City's clerks office under claims #c-76855 and c-77122 that based on the Seattle Police Department's office of Professional Accountability's facts, findings and proposed Dispositions that credential would be appropriate regarding plaintiff's claims for damages, as was the case the City would owe no duty or special duty to plaintiff to receive just compensation for his injuries by the Seattle Police Department and it's employees, negligent deliberate indifferenced of

substantial due process of law involving the internal investigation of plaintiff's complaint filed on May 12, 2006, in owing plaintiff a direct duty of privileges and immunities as an African-American citizen in the same form as white citizens in the city of Seattle, for king county, Washington.

291.

Plaintiff Lewis claims damages for the conspired injuries set forth above under 42 U.S.C. 3 1981, 1982, 1983, 1985 (3) and 1986 against Seattle Police Department office of Professional Accountability for violation of his constitutional rights under color of law.

292

UNDER 42 U.S.C § 1981, 1982, 1983, 1985 (3) AND 1986 AGAINST SEATTLE POLICE DEPARTMENT OFFICE OF PROFESSIONAL ACCOUNTABILITY FOR VIOLATION OF PLAINTIFF'S FIRST AND FOURTEENTH AMENDMENT RIGHTS (NEGLIGENCE)

293.

At all times material herein, Seattle Police Department office of Professional Accountability was the complaint process for the Seattle Police Department's Police officers conduct.

Defendant Seattle Police Department Office of Professional Accountability negligently conspired to allow deliberate indifference to investigate and recommend discipline as a duty owed or special duty owed directly to plaintiff involving procedural due process of his complaint against police abuse of process misconduct by failing to adequately screen Seattle Police Department Office of Professional Accountability police officers and civilian employees during the hiring process, or to adequately train, supervise, or discipline officers and employees under his command including officers Low, Kebby Brown Edward, Kerlikowske, sandra k, Pailea.

294.

As a direct and proximate result of this negligence and conspired infliction of emotional distress, Mr. Lewis has incurred damages and will continue to incure substantial damages in an amount to be established at trial.

295.

UNDER 42 U.S.C. § 1981, 1982, 1983, 1985 (3) AND AGAINST OFFICERS TIETJEN, LEE, ZIEGER IN THIER PRIVATE AND OFFICIAL CAPACITIES FOR VIOLATION OF PLAINTIFF'S FIFTH, SIXTH, EIGHTH, NINTH, AND FOURTEENTH AMENDMENT RIGHTS (DEFAMMATION).

296.

Defendants Tietjen, Lee and zieger breached the aforementioned duty to refrain from depriving plaintiff of his constitutional rights by intentionally conspiring to provide knowingly fraud and perjury testimony during both plaintiff's trials on December 5, 2005 and October 3, 2006   (1.) Officer Tietjen fraudently testified plaintiff was engaged in a drug transaction and that plaintiff was alone and if another person had something to do with plaintiff, if they are walking together but from his report he did not recall Mr. McClure present at the scene to include Mr. McClure's arrest and release in his police report, (2) Officer zieger fraudently testified plaintiff was engaged in a drug transaction and did not remember if plaintiff was with another person, and that he did not remember any other males were arrested; nor truthfully omitting he was personally detaining Mr. McClure at the time plaintiff was being assaulted by officers Tietjen and Lee, (3) Officer Lee fraudently testified plaintiff was engaged in a drug transaction, and conspired to conceal plaintiff's cousin connie Lee McClure he personally brooked into the West precinct for the same crime of VUCSA; while testifying by fraud and perjury he did not use excessive force against plaintiff by punching him in the penis and testicles and then admitting he did assault plaintiff after plaintiff was found guilty, which constituted a violation of plaintiffs clearly-established rights under the fifth, sixth, Eighth, Ninth and Fourteenth Amendments to the Constitution of the United States, furbidding any government agent irresponsibly cause false allegation to be construed against another person with malice intent.

297

Plaintiff Lewis claims damages for the injuries set forth above under 42 U.S.C. §7981, 1982, 1983, 1985(3) AND 1986 Against

officers Tietjen, Lee and Zieger for violation of his constitutional rights under color of law.

298.

The conduct of the defendants was knowing, intentional, malicious, conspired and fraudulant by reason of which plaintiff is entitled to punitive damages.

299.

UNDER 42 U.S.C. § 1981, 1982, 1983, 1985 (3) AND 1986 AGAINST DETECTIVE SHELDON SATHER IN HIS PRIVATE AND OR OFFICIAL CAPACITY FOR VIOLATION OF PLAINTIFF'S FIFTH, SIXTH, EIGHTH, NINTH THIRTEENTH AND FOURTEENTH AMENDMENT RIGHTS

300.

At all times material herein ~~Detective~~ SAther was the detective who screened the Seattle Police Department officers Tietjen, Lee, Zieger and Hazards police reports sorrounding the arrest of plaintiff and Mr. McClure and in light of factual errors in the officers police reports excluding any mentioning of plaintiffs cousin Lonnie Lee McClure as a part of standard routine documentation, did initiate the process of filing criminal charges of VUCSA against plaintiff to the King County Prosecuting Attorney's Office in conspiracy with Seattle Police Officers Tietjen, Lee, Zeiger and Hazard to deprive plaintiff from privileges or imunities, due process and equal protection of the laws.

301.

At all times material herein involving plaintiff Lewis it is believed that it was a conspiracy of abuse of process of policy, practice or custom by Detective Sather to fail to ensure adequate screening of evidence reports by the arresting police officer candidates prior to his initiating criminal charges for the purpose of obtaining a private advantage against plaintiff.

## 302.

As a direct and proximate result of Detective Sather's failure to properly screen the officers police reports for deficiency in policy, practice and custom, resulted of this negligent infliction of emotional distress, Mr. Lewis has incurred damages and will continue to incur substantial damages in an amount to be established at trial.

## 303.

The conduct of the defendant was knowing, intentional, malicious, and conspired by reason of which plaintiff is entitled to punitive damages.

## 304.

UNDER 42 U.S.C. § 1981, 1982, 1983, 1985(3) AND 1986 AGAINST OFFICER KERRY ZIEGER IN HIS PRIVATE AND OFFICIAL CAPACITY FOR CONSPIRACY FOR VIOLATION OF PLAINTIFFS FOURTH, FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENT RIGHTS (FRAUD)

## 305.

Officer Kerry Zieger did willfully conspire to commit fraud against plaintiff, by deliberately having no intention to document in his police report that he was the officer personally detaining plaintiff's cousin Lonnie Lee McClure as he stood as back up while Officers Micheal Tietjen and James Lee were making contact with plaintiff.

## 306.

Officer Kerry Zieger did willfully conspire to commit fraud against plaintiff by deliberately having no intention to document in his police report that as he stood as back up detaining Lonnie Lee McClure, he did observe officers Tietjen punch plaintiff in the head and kick him in the stomach and while plaintiff

74

lay on the ground protesting his assault he observed
Officer Tietjen place his hands around plaintiff's neck,
neck an chock him into submission to get plaintiff to
release his hands from his pockets.

306.

Officer Kerry Zieyer did willfully conspire to
commit fraud against plaintiff by deliberately having no
Intention to document in his police report that while
he stood as back up detaining plaintiff's cousin Lonnie
Lee McClure, he observed Officer Lee repeatedly punch
plaintiff in his penis and testicles while he lay on
the ground protesting against the officers assault
and battery.

307.

Officer Kerry Zieyer did willfully conspire to
commit fraud against plaintiff by deliberately having no
Intention to testify truthfully during plaintiff's trial
on December 5, 2005 and October 3, 2006 that plaintiff was
not observed engaged in a drug transaction for a lawful
Terry Stop and that plaintiff and his cousin Lonnie Lee
McClure were actually racially profiled by the arresting officers
for no reason at all; in order to obtain a private advantage
at both trials in ordered to convict plaintiff against an
Unlawful search and seizure which produced unlawful possession
of cocain against plaintiff.

307

Officer Kerry Zieyer did willfully conspire to
commit fraud against plaintiff by deliberately having no
Intention to testify at plaintiff's first trial on December

75

5, 2005, when asked was Mr. Lewis with another person he said he did not remember and when asked if Mr. Lewis was with another person that he would have included that person in his police reports he answered yes but all along failed to include Lonnie Lee McClure the person he was detaining and or follow the Seattle Police Departments "1.00 b Departmen Mission Statement and Priorities, 1.003 standards and Duties, 2006 Arrest Procedures and 2010 social Contacts, Terry Stops and Arrests Procedures in respect to plaintiff's rights. Sorranding the circumstances of the incident in question on March 10, 2005. 308. The conduct, against officer zieger was knowing, intentional, malicious, conspired, and fraudulant in which Plaintiff is entitled to receive punitive damages. 309.

42 U.S.C. § 1981, 1982, 1983, 1985(3) AND 1986 AGAINST OFFICER MICHEAL TIETJEN IN HIS PRIVATE AND OFFICIAL CAPACITY FOR CONSPIRACY FOR VIOLATION OF PLAINTIEF'S FOURTH, FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENT RIGHTS

310

Officer Micheal Tietjen did willfully conspire to commit fraud against plaintiff by deliberately having no intention to truthfully under penalty of perjury in his Certification for Determination of probable cause to arrest plaintiff was in fact a false report to cover up the officers racial profile, Unlawful search and seizure, unnecessary use of force and documentation of another suspect or WITNESS arrest and release of Lonnie Lee McClure inlight of an active D.O.C. supervision arrest warrant who could have testified against the false facts of his false probable cause for arresting both plaintiff and Lonnie McClure from becoming material evidence in good faith to the King County prosecuting attorney's office Known that there were infact factual error's in his probable cause to arrest documentation.

311

Officer Micheal Tietjen did willfully conspire to

to commit fraud against plaintiff by deliberately having
no intention of bringing to the King County prosecuting
Attorney's office that his and officers Lee and zieger's
arrest and of Anthony Lewis and Lonnie McClore was without
basis of probable cause and was infact a lie to cover
up their false Terry Stop and that plaintiff was not observed engaged
in a drug transaction on March 10, 2005. 312. The conduct against officer Tietjen
was knowing, intentional, malicious, conspired and fraudulant in which plaintiff is entitled to punitive
damages.

313.
Officer Micheal Tietjen did willfully
conspire to commit fraud against plaintiff by deliberately
having no intention to truthfully testify that plaintiff
was arrested with Lonnie McClore but went on testify falsely that plaintiff had been
alone and that if plaintiff had been been with another person he would have
documented that other persons arrest in his report, in order to deprive plaintiff
from receiving a fair trial and as a conspiracy to convict plaintiff during
his first trial on December 5, 2005 and further re try
to convict plaintiff during his retrial on October 3, 2006.
314.
The conduct against officer Tietjen was knowing, intentional, malicious, conspired and
fraudulant in which plaintiff is entitled to punitive damages.

315.
Officer Micheal Tietjen did willfully conspire
to commit fraud against plaintiff by deliberately having no
intention to truthfully follow the Seattle Police Department's
1.000 Department Mission Statement and Priorities, 1.003
Standard and Duties, 2.001 Arrest Procedures and 2.010 social
contacts, Terry Stops and Arrest in respect to plaintiff's rights
surrounding the circumstances of the incident in question on March 10, 2005. 316. The
conduct against officer Tietjen was knowing, intentional, malicious, conspired and fraudulant in which
plaintiff is entitled to punitive damages.

317.
Officer Micheal Tietjen did willfully conspire to
commit fraud against plaintiff by deliberately having no intention
to truthfully testify under penalty of perjury in his police report during the
arrest he punched plaintiff in the head, kicked him in the stomach
and while plaintiff lay on the ground protesting his unlawful assault did further fail to
admit to having placed both his hands around plaintiff's neck and began to
chock plaintiff in order to get him to remove his hands from his pockets but instead
only mentioned that there was a brief struggle during the arrest. 318. The conduct against
officer Tietjen was knowingly, intentional, malicious, conspired and fraudulant in which plaintiff is
entitled to punitive damages.

319

UNDER H2 U.S.C. § 198), 1982, 1983, 1985(3) AND 1986 AGAINST
OFFICER JAMES LEE IN HIS PRIVATE AND OFFICIAL CAPACITY FOR CONSPIRACY FOR
VIOLATION OF PLAINTIFF'S FOURTH, FIFTH, SIXTH, EIGHTH, NINTH, AND FOURTEENTH AMENDMENT RIGHTS

320.

Officer Lee did willfully conspire to commit
fraud against plaintiff by deliberately having no intention
to truthfully testify in his police report that plaintiff was not
engaged in a drug transaction but instead falsely asserted plaintiff was,
in order to deprive plaintiff of clearly-established rights.
321.
and fraudulant in which plaintiff is entitled to punitive damages. The conduct against officer Lee was knowing, intentional, malicious, conspired

322.
Officer Lee did willfully conspire to commit
fraud against plaintiff by deliberately having no intention
to truthfully testify in his police report that during the arrest
while plaintiff lay on his back protesting against the officers unlawful
arrest, he failed to mention that he repeatedly punched plaintiff
in his penis and testicles in order to make plaintiff remove his
hands from his pockets and only mentioned that there was a brief
struggle prior to placing plaintiff in handcuffs. 323. The conduct against
officer Lee was knowing, intentional, malicious, conspired, and fraudulant in which plaintiff
is entitled to punitive damages.
324.
Officer Lee did willfully conspire to commit
fraud against plaintiff by deliberately having no intention
to truthfully testify during plaintiff's trial that officer Tietjen did also
use force during plaintiffs arrest for the purpose of avoiding
any civil liability against having repeatedly punched plaintiff
in the penis and testicles during his arrest when directly asked
whether or not anyone used force against plaintiff to make him
remove his hands from his pockets. 325. The conduct against officer
Lee was knowing, intentional, malicious, conspired, and fraudulant, in which plaintiff
is entitled to punitive damages.
326.
Officer Lee did conspire to aid and assist
Officer Tietjen in assault and battery on plaintiff which
officer Lee's repeat punches to Lewis penis and testicles did cause irreparable damage and/or
loss to plaintiff's reproductive organ's suffering plaintiff
to continuing ongoing treatment after his assault for test

Incurring perinneal discomfort and pain that has produced medical anaylis results that revealed plaintiff's test shows he will unlikely father children as a result of having been repeatedly punched in his penis and testicles relating back to the March 10, 2005 incident. 327. The conduct of officer Lee was knowing, intentional, malicious and conspired and fraudulent by reason plaintiff is entitled to punitive damages.

328.

Officers Micheal Tietjen and James Lee did willfully conspire to commit fraud against plaintiff by deliberately haveing no intention to truthfully testify in their use of force reports, that their assertion that plaintiff tried to strike out against the officers was infact fake murder to justify covering up their unnecessary use of force during plaintiff's arrest in order to avoid any civil liability against their unlawful search and seizure, and assault and battery. 329. The conduct against the defendants was knowing, intentional, malicious, conspired and fraudulent by reason of which plaintiff is entitled to punitive damages.

330.

UNDER 42 U.S.C. § 1981, 1982, 1983, 1985(3) AND 1986 AGAINST OFFICERS TIETJEN, LEE AND ZIEGER FOR CONSPIRACY FOR VIOLATION OF PLAINTIFF'S FIRST, FOURTH, FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENT RIGHTS

331.

Officer Tietjen, Lee and Zieger did unlawfully conspire to abnogate using the City of Seattle's Terry stop policy as a pretext for racial profiling and unlawfully stopping both Anthony Lewis and Lonnie McClure without any lawful basis for reasonable suspicion or probable cause other than their African American race.

332.

The conduct against the defendants was knowing, intentional, malicious, conspired and fraudulant inwhich plaintiff is entitled to punitive damages.

333.

UNDER 42 U.S.C. § 1981, 1982, 1983, 1985(3) AND AGAINST OFFICERS TIETJEN, LEE AND ZIEGER FOR CONSPIRACY FOR VIOLATION OF PLAINTIFF'S FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENT RIGHTS (SPECIAL INJURY)

334

Officers Tietjen, Lee, and Zieger are liable for special injury to willfully commit fraud against plaintiff by deliberately having no intention of preventing plaintiff from being twice tried for the same crime after having been unduly convicted on December 5, 2005, based on fraud and perjury, did continue their scheme or plan to place plaintiff into double jeopardy for the sole purpose to re-testify by the same, fraud and perjured false facts of their arrest reports in order to re-secure and re-convict plaintiff at his re-trial on October 3, 2006.

335

The special conduct against the defendants was knowing, intentional, malicious, conspired and fraudulant inwhich plaintiff is entitled to punitive damages.

336

UNDER 42 U.S.C. § 1981, 1982, 1983, 1985(2) AND 1986 AGAINST THE CITY OF SEATTLE FOR CONSPIRACY FOR VIOLATION OF PLAINTIFF'S FIRST, FOURTH, FIFTH, SIXTH, EIGHTH, NINTH, TENTH, FOURTEENTH AND FIFTEENTH AMENDMEND RIGHTS

336.

The city of Seattle's Terry Stop policy practice or custom unconstitutionally allows' for it's City of Seattle Police Department Officers to Knowingly intentionally, maliciously and Conspire pretexual racial profiling and bias policing against African American citizens of a class-based discrimination without probable cause to stop African American citizens but gives a discriminatory officer a reasonable suspicion by justification to racially profile, harass and stop African American citizens for no reason other than the color of their skin if the officers can later articulate and justify their arrest under the City of Seattle's Terry Stop arrest points, in his or her police report upon recovery of any incriminating evidence white illegally obtained all that the officer only has to claim they had a was a reasonable suspicion that the African American citizen had committed or what appeared to be suspicious behavior committed as a crime to warrant an officers investigation to Stop an African American citizen and have his police report believed against the African American citizen because of the incriminating evidence unlawfully discovered during the course that the arresting officer claims a lawful Terry stop occured with no proof to differ other than the African American protesting his actual innocence after having been unlawfully charged for a crime by that same arresting officer or officers police report claiming his or her stop is protected under the City's Terry Stop policy, practice and custom, which does not protect African American citizens Against deprivations of privileges and immunities in the same term as white citizens, in the City of Seattle, for King County, Washington.

337.

CONSPIRACY AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST THE CITY OF SEATTLE

338.

At all times relevant herein, the City of Seattle was the policymaker of the city of Seattle's Terry Stop; policy, practice or custom within the scope of employment in the city of Seattle, for King County, Washington. Defendant City of Seattle is liable for the conspired and negligent racial profiling, bias policing and discriminatory Terry Stop policy, practice or custom Infliction of emotional distress under the City's Terry Stop policy, practice or custom

339.

As a direct and proximate result of this conspired and negligent Terry stop policy, Mr. Lewis and Mr. McClure suffered damages as African American citizens and will continue to incur substantial damages, in an amount to be established at trial

340.

42 U.S.C. § 1981, 1982, 1983, 1985(3) AND 1986 AGAINST OFFICERS TIETJEN, LEE AND ZIEGER FOR CONSPIRACY FOR VIOLATION OF PLAINTIFF'S FIRST, FOURTH, FIFTH, SIXTH, EIGHTH, NINTH, TENTH, FOURTEENTH AND FIFTHTEENTH AMENDMENT RIGHTS

341.

Officers Tietjen, Lee and zieger conspired together to use the city of Seattle's Terry stop policy, practice or custom as a pretextual racial profiling tool in order to discriminate, harass, and illegally stop, detain, search and seize plaintiffs Anthony Lewis and Lonnie McClure based on their African American race, by a scheme or plan knowing, intentionally maliciously and by fraud all they had to do in order to justify their racial profiling and bias policing into Mr. Lewis and McClures

Constitutional rights to be free from warrantless arrest was to use the City's Terry stop points of an arrest and articulate a lie in their advantage claiming Anthony Lewis was observed in a drug transaction as a basis under the City's Terry stop policy too make a warrantless contact with Mr. Lewis, who refused to remove his hands from his pocket given by an unlawful order by the officers Tietjen, Lee and Zieger who then used unnecessary force of assault and battery to force Mr. Lewis to remove his hands from his pockets and then forcibly pried open his hands by bending backward his fingers to discover he was in possession of drugs and unlawfully placed Mr. Lewis under arrest for possession of cocaine. And by fraud claimed they had made a lawful Terry stop by fraudulantly asserting they observed Mr. Lewis engaged in what appeared to be a drug transaction with two known drug users as their Terry stop basis.   While having no intentions when they filed their reports to mention that they had unlawfully also arrested Connie McClure and had released him in light of having an exective D.O.C. supervision arrest warrant.

          Thus depriving Mr. Lewis and Mr. McClure privileges and immunities as African American citizens in the same term as white citizen in the City of Seattle, for King County, Washington
                              3.42:

          The conduct of the defendants was knowing intentional, malicious, and conspired by reason of which plaintiff is entitled to punitive damages

343.

CONSPIRACY AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
AGAINST OFFICERS TIETJEN, LEE AND ZIEGER

344.

The conspiracy to interfer with plaintiffs civil right's privileges and immunities guaranteed to them as a particular class-based African American citizens with a conspired intent to use the city's Terry stop policy, practice or custom as a private advantage schem or plan by means of fraud caused plaintiff's Lewis and McClure to suffer emotional distress, racial discrimination, and humiliation and physical pain.

345.

As a direct and proximate result of this conspired and negligent infliction of emotional distress Mr. Lewis and Mr. McClure has incurred damages and will continue to incur substantial damages in an amount to be established at trial.

346.

CONSPIRACY AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST THE CITY OF SEATTLE

347.

At all times relevant herein, the city of Seattle was the employer of Officers Tietjen, Lee and Zieger, and the officers were acting within the scope of employment. Defendant City of Seattle is liable for the conspired and negligent infliction of emotional distress by defendants Tietjen, Lee, and Zieger under a special relationship.

### 348

As a direct and proximate result of this negligence, Mr. Lewis suffered damages, and will continue to incure substantial damages, in an amount to be established at trial.

### 349

UNDER 42 U.S.C. § 1981, 1982, 1983, 1985(2)(3) and 1986 AGAINST OFFICERS TIETJEN, LEE, ZIEGER AND HAZARD IN THEIR PRIVATE AND OFFICIAL CAPACITIES FOR CONSPIRACY FOR VIOLATION OF PLAINTIFF'S 5th, 6th, 8th, 9th, 14th and 15th AMENDMENT RIGHTS
(INTIMIDATING A WITNESS)

Defendants Tietjen, Lee, Zieger and Hazard conspired to breach the aforementioned duty to refrain from depriving plaintiff of his clearly-established constitutional rights by intentionally conspiring to intimidate Lonnie Lee McClure from attending Mr. Lewis trial as a witness who could testify as to his own unlawful arrest along with having been racial profiled, stopped and detained and who could testify that he and his cousin Mr. Lewis were not engaged in any drug activity as the arresting officers Tietjen, Lee, and Zieger conspired in their police reports Mr. Lewis alone was.

And who could testify to officers Tietjen and Lee's unnecessary use of force against Mr. Lewis for no reason and who could testify that he did have a warrant for his arrest on March 10, 2005 and could testify that he was released from the West precinct in exchange for his silence and by threat of his life by the arresting officers at the West Precinct station and during his transport to the West Precinct in a separate vehicle not to show up for Mr. Lewis trial and testify against the officers unlawful arrest.

## 350

The conduct of defendants Tietjen, Lee, Zieger and Hazard was knowing, intentional, malicious and conspired and in deliberate indifference to the rights of Mr. Lewis and Lonnie Lee McElure. Therefore, plaintiff is entitled to punitive damages against defendants Tietjen, Lee, Zieger and Hazard.

## 351.

UNDER 42 U.S.C. § 1981, 1982, 1983, 1985(2)(3) AND 1986 AGAINST OFFICERS Tietjen, Lee, Zieger, Hazard, MOONEY AND ZWASCHKA IN THIER PRIVATE AND OFFICIAL CAPACITIES FOR VIOLATION OF PLAINTIFF'S 1st, 4th, 5th, 6th, 8th, NINTH, TENTH, THIRTEENTH, FOURTEENTH, AND FIFTATEENTH AMENDMENT RIGHTS (CRUEL AND USUAL PUNISHMENTS INFLICTED BASED ON A HISTORY OF THE SAME PRIOR BAD ACTS)

## 352.

Defendants Tietjen, Lee, Zieger, Hazard, Mooney and Zwascha did conspire against Lewis and McElure to continue a form of common scheme or plan used repeatedly to commit separate, but very similar crimes of conspiracy of unlawful Terry stops, detentions, arrests, failure to document other suspects or witnesses in their police reports, or document their assistance to another reporting officers arrest reports, or failure to screen or document in their reports of unlawful arrest and unauthorized releases with their sgt. or lt. And having intimidated witnesses from testifying at trial, and having repeatedly written false statement reports which failed to include material facts known to the officers at the time of filing their police reports, and having repeatedly testified under oath during trial by fraud and perjury having caused defendant's to be unduly convicted based on false testimony. And failed to turn over exculpatory evidence prior to trial of material facts to the prosecuting attorney's office in good faith without fear of the harm it would cause to defendants clearly-established rights and continued to do so toward plaintiffs Lewis and McElure, on March 10, 2005 through October 3, 2006.

86

### 353

The continuing conduct of defendants Tietjen, Lee, Zieger, Hazard, Mooney, Zwaschka, was knowing, intentional malicious, and conspired and in deliberate indifference to the rights of Mr. Lewis and Lonnie Lee McClure. Therefore, plaintiff is entitled to punitive damages against defendants.

### 354

UNDER 42 U.S.C. § 1981, 1982, 1983, 1985(2)(3) AND 1986 AGAINST OFFICERS TIETJEN, LEE, ZIEGER, HAZARD, MOONEY ZWASCHKA AND OTHER NAMED DEFENDANTS TO THIS COMPLAINT IN THEIR PRIVATE AND OFFICIAL CAPACITIES FOR CONSPIRACY FOR EMOTIONAL, MENTAL AND PHYSICAL FUTURE PAIN AND SUFFERING BY THE UNEXPECTED CAUSE OF DEATH OR HARM OTHER THAN NATURAL CAUSES TO ANTHONY EUGENE LEWIS AND LONNIE LEE McCLURE AS BOTH PLAINTIFF'S FOR FILING THIS ACTION THE NAMED DEFENDANTS AND GOVERNMENT AGAINST A REDRESS OF GRIEVANCES

### 355.

As a direct and proximate result of this conspiracy infliction of emotional distress, and intimidation Mr. Lewis and Mr. McClure suffer the threat of future retaliation and fear for their lives and that the named defendants in this complaint along with the government city of Seattle will conspire to cause harm or death against both Anthony Eugene Lewis and Lonnie Lee McClure either directly or indirectly prior to resolution of this claim or upon plaintiff's successfully being awarded any just compensation by a jury award.

### 356.

And that plaintiff's cause of harm or deaths will not come as a surprise having revolved around the exculpatory evidence and facts of this case beginning from the March 10, 2005 incident.

## 357

The conspired adverse effect of this cause of action against the defendants, was knowing, intentional, malicious, and conspired and in deliberate indifference to the rights of Mr. Lewis and Lonnie Lee McClure. Therefore, plaintiff is entitled to punitive damages against dendant

### RELIEF REQUESTED

WHEREFORE, the plaintiff's jointly and separately prays for judgment in an amount to be established at trial of $10 million dollars, including:

a. Economic damages to plaintiffs against the defendants jointly and severally;

b. Non-economic damages to plaintiff against the defendants jointly and severally;

c. Reasonable attorney's fees and cost to the plaintiff under 42 U.S.C. § 1988;

d. Cost of this action to the plaintiff under RCW 4.84 other applicable state and federal statutes and rules;

e. Punitive damages; and special damages

f. Such other relief as this court may deem equitable

DATED this 16 day of July 2009.

Anthony E. Lewis #856577
ANTHONY E. LEWIS
WASHINGTON STATE PENITENTIARY
1313 N. 13TH AVE
WALLA WALLA, WA, 99362

88